In re John F. McALOON, Debtor.

**FIDELITY BOND AND MORTGAGE COMPANY, Plaintiff,**

v.

**John F. McALOON, Defendant.**

Bankruptcy No. 79–01916EG.

Adversary No. 79–0012G.

United States Bankruptcy Court, E. D. Pennsylvania.

Jan. 14, 1980.

Jeffrey V. Matteo, George Willner, P. C., Philadelphia, Pa., for plaintiff.

Jack K. Miller, Philadelphia, Pa., for debtor/defendant.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether we should grant relief from the automatic stay provisions of Section 362(a) of the Bankruptcy Code and allow a mortgagee to foreclose on the residential property of a Chapter 13 debtor. We will deny relief from the stay in this case because we find that the debtor has equity in the property, the property is necessary to the success of the Chapter 13 plan, and because we find that the mortgagee's interest in the property is adequately protected.[1]

On July 7, 1972, John F. McAloon ("McAloon") and his wife[2] granted a mortgage on their residential property[3] to the Fidelity Bond and Mortgage Company ("Fidelity"). That mortgage was properly recorded.[4]

McAloon defaulted on the mortgage beginning in November, 1978. Fidelity thereupon sent McAloon a Notice of Intention to Foreclose on January 24, 1979, and filed a Complaint in Mortgage Foreclosure in the state court on May 21, 1979. Judgment was entered against McAloon on August 27, 1979, and the property was listed for Sheriff's sale for October 19, 1979.[5]

On October 12, 1979, McAloon filed a petition under Chapter 13 of the Bankruptcy Code.[6] That filing automatically stayed the above mortgage foreclosure proceedings.[7] Consequently, on November 8, 1979, Fidelity filed a complaint for modification of the automatic stay to allow it to proceed with its mortgage foreclosure. A preliminary hearing on this matter was held on December 6, 1979,[8] and a final hearing was held on December 13, 1979.

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. Elizabeth M. McAloon, the wife of John McAloon, died on February 9, 1977. *See* N.T. at 12. However, her name remains on the mortgage. *Id.* at 11.

3. The property is located at 114 Reese Street, Sharon Hill, Pennsylvania.

4. The mortgage is recorded in the Office of the Recorder of Delaware County in Mortgage Book No. 2911, page 1127. *See* Complaint of Fidelity Bond and Mortgage Company for Modification of the Automatic Stay, paragraph 3, filed November 8, 1979; admitted in the Answer of John F. McAloon to the Complaint, Paragraph 1, filed December 4, 1979.

5. *See* Complaint of Fidelity for Modification of the Automatic Stay, paragraphs 5, 7, 8, and 9, filed November 8, 1979; admitted in the Answer of McAloon, paragraphs 5, 7, 8, and 9, filed December 4, 1979.

6. The Bankruptcy Reform Act of 1978 ("the Code") took effect October 1, 1979. *See* 11 U.S.C. (1979).

7. Section 362(a) states:
(a) Except as provided in subsection (b) of this section, a petition filed under Section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—
(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
(2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
(3) any act to obtain possession of property of the estate or of property from the estate;
(4) any act to create, perfect, or enforce any lien against property of the estate;
(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;
(7) the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claims against the debtor; and
(8) the commencement or continuation of a proceeding before the United States tax court concerning the debtor.
11 U.S.C. § 362(a) (1979).

8. At the preliminary hearing, we ordered the stay continued pending the final hearing and decision in this case because Fidelity was not prepared to offer any evidence at that time. *See* N.T. at 10. At that time McAloon did testify and offered enough evidence from which it could be concluded that there was a reasona-

768

■ The issue presented in this case is governed by Section 362(d) of the Code. That Section provides that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under Subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.[9]

According to the evidence presented, it is undisputed that the value of the property in question is $28,000.[10] Fidelity's mortgage is approximately $20,000.[11] Based on that evidence, we conclude that the debtor does have an equity in the property.[12] Further, since McAloon testified that if the court were to grant the relief sought herein he would not remain in Chapter 13,[13] we find that the property in question is necessary to an effective reorganization.

In addition, based on the above values and by reason of its mortgage, we find that Fidelity does have adequate protection of its interest in the property. Finding no other reason why relief from the stay should be granted, we will deny the requested relief and continue the stay.

ble likelihood that McAloon would succeed at the final hearing. *See* 11 U.S.C. § 362(c)(1) (1979). *See also,* 11 U.S.C. § 362(d) and (g) (1979).

9. 11 U.S.C. § 362(d) (1979).

10. N.T. at 19.

11. See complaint of Fidelity, paragraph 6, filed November 8, 1979. No evidence was offered on this point, but counsel for the debtor admit-

ted that the amount claimed by Fidelity to be due it was about $20,000. N.T. at 19.

12. There was some discussion at the final hearing with respect to certain other creditors who have security interests in the property in question but whose interests were avoided by the debtor under Section 522(f). *See* N.T. at 20–23.

13. N.T. at 14–15.