### In re Emil DALLASTA, Barbara Dallasta, Debtors.

### COLONIAL MORTGAGE SERVICE COMPANY, Plaintiff

v.

### Emil & Barbara DALLASTA, Defendants.

**Bankruptcy No. 80–00991K.
Adv. No. 80–0317K.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Dec. 31, 1980.

Mitchell I. Aglow, Doylestown, Pa., for plaintiff.

Roland J. Atkins, Philadelphia, Pa., for debtors/defendants.

Margaret Graham, Philadelphia, Pa., standing trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

■ Presently before the court is the Complaint of Plaintiff, Colonial Mortgage Service Company ("Colonial") seeking relief from the automatic stay to allow it to proceed with mortgage foreclosure proceedings. We will lift the stay in this case because we find that the debtors have no equity in the property and the property is not necessary to an effective reorganization.[1]

1. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

On May 6, 1980, the debtors filed their petition for relief pursuant to Chapter 13 of the Bankruptcy Code, 11 U.S.C. § 1301 et seq. As a result, the automatic stay provisions of § 362, 11 U.S.C. § 362 became applicable. On June 23, 1980, Colonial commenced this adversary proceeding by filing the instant complaint for relief from the stay. Trial on the complaint was held on July 25, 1980, August 7, 1980 and September 9, 1980.[2] Memoranda of law and proposed findings of fact and conclusions of law were submitted and upon consideration of the foregoing, the Court renders the following opinion.

Bankruptcy Code § 362(d) and (g) sets forth the grounds for relief from the stay and the allocation of the burden of proof as follows:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to effective reorganization.

. . . . .

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Colonial has asserted that debtors have no equity in the property and that the property is not necessary to an effective reorganization.

Neither the amount nor the legitimacy of the judgment and mortgages on the subject property is in dispute. There are existing mortgages to plaintiff, Colonial, dated June 20, 1978, and recorded June 22, 1978, in the amount of $36,500 and to Provident National Bank dated April 10, 1979, in the amount of $6,816.16.[3] In addition, there is a judgment in assumpsit entered August 21, 1979, in Common Pleas Court in favor of Meenan Oil Company, Inc. and against the debtors in the amount of $1,313.72.[4] The mortgages and the judgment total $44,629.88.

As a cost saving measure, counsel agreed, at the July 25, 1980 hearing, to submit appraisers' reports in writing.[5] Counsel for Colonial submitted an appraisal of the subject property prepared by the Veteran's Administration dated January 18, 1980.[6] That appraisal report lists the reasonable market value of the property as $37,500.00. The appraisal submitted by an independent appraiser at the debtors' request dated July 30, 1980, also takes the fair market value approach but lists the value as $44,800.00.

The court finds both appraisals to be credible with no major discrepancies of significant import. Each appraiser has taken a "market data" approach to value and has used comparable sales in the area in making his determination. In determining the value of the property, the appraisals are the only evidence in the case. Although the appraiser for debtors testified and we found his testimony to be credible, the record of that testimony has not been transcribed nor ordered by counsel.

We find both appraisals to be reliable. As stated, the only important difference between the appraisals is the value they attribute to the property. As the court has

2. By stipulations dated September 9, 1980 and November 19, 1980, the automatic stay remains in effect until December 31, 1980.

3. Plaintiff's Exhibit 2, admitted into evidence July 25, 1980.

4. Id.

5. Notes of Testimony, p. 2 July 25, 1980.

6. Plaintiff's Exhibit 1, admitted into evidence July 25, 1980.

no reason to place greater credence on one appraiser's opinion than the other's, and recognizing that valuation of property is not an exact science, *In re Gustav Schaefer Co.*, 103 F.2d 237 (6th Cir.) *cert. denied sub nom., Wells v. Boyle*, 308 U.S. 579, 60 S.Ct. 96, 84 L.Ed. 485 (1939), the court finds the difference in the values is properly attributable to a difference of professional opinion. *See In re Rogers Development Corp.*, 2 B.R. 679, 5 B.C.D. 1392 (Bkrtcy.E.D.Va.1980). The Court, therefore, finds the value of the property as somewhere in between the $44,800 value attributed to the property by the debtors and the $37,500 value attributed to it by Colonial. The Court further finds valuation of $41,150 for the purposes of this proceeding to be reasonable.

■ Having already determined that there are mortgages and a judgment on the property totalling $44,629.88, we find that the debtors lack equity in the subject property.[7] Even if the Court had accepted the debtors' valuation of $44,800, the resulting equity would be less than $200.00, as the case now stands. This amount most probably has been expended in interest, penalties or costs of collection and foreclosure. Counsel for the debtors has asserted that the property is necessary for debtors' reorganization citing the inconvenience and hardship to the debtors caused by the lifting of the stay. While this Court can sympathize with the hardship of being faced with the prospect of losing one's home, this is not the "necessity" envisioned by the Bankruptcy Code which would serve to deny relief from the stay. While counsel for debtors has attempted to show the unavailability and paucity of adequate housing for the debtors and their family, we find that the subject property is not necessary to the debtors' employment, welfare and support nor to the eventual success of their Chapter 13 rehabilitation.[8]

Accordingly, the automatic stay as it applies to Colonial is hereby lifted and Colonial is granted the right to proceed with mortgage foreclosure proceedings.

---

7. Even if the debtors were to avoid the judgment in favor of Meenan Oil Company, Inc., in the amount of $1,313.72, pursuant to § 522(f)(1), 11 U.S.C. § 522(f)(1), this result would not be altered.

8. Some courts have held that the requirement that the "property not be necessary to an effective reorganization" applies only to Chapter 11 cases and is not applicable to Chapter 13 cases. *In re Feimster*, 3 B.R. 11, 6 B.C.D. 1312 (Bkrtcy. N.D.Ga.1979).