**In re William A. ROANE and Delores Roane, Debtors.**

**COMMONWEALTH OF PENNSYLVANIA STATE EMPLOYES' RETIREMENT FUND, Plaintiff,**

v.

**William A. ROANE and Margaret Graham, Trustee, Defendants.**

**Bankruptcy No. 80–02623G.**
**Adv. No. 80–0717G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

Feb. 20, 1981.

See also, Bkrtcy., 7 B.R. 798.

John Swartz and Alan H. Gilbert, Philadelphia, Pa., for plaintiff, Commonwealth of Pennsylvania State Employes' Retirement Fund.

Thomas J. Turner, III, Philadelphia, Pa., for debtor/defendant, William A. Roane.

Margaret Graham, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether we should grant relief from the automatic stay imposed by § 362(a) of the Bankruptcy Code ("the Code") to permit the mortgagee to foreclose on the debtors' residence. We conclude that the mortgagee is not entitled to such a modification of the stay because (1) it has failed to prove that the debtors lack equity in the property and (2) its interest in the property is adequately protected by the offer of the debtors to make periodic payments on the mortgage and by the FHA mortgage insurance which the mortgagee has on its mortgage.

The facts of the instant case are as follows:[1] On April 2, 1975, William A. Roane ("the debtor") executed a mortgage on his residence at 4909–11 North Uber Street, Philadelphia, Pennsylvania, to Fidelity Bond and Mortgage Company ("Fidelity"). That mortgage was insured by the United States government through the provisions of the National Housing Act and the Federal Housing Administration ("FHA").[2] Fidelity thereafter assigned that mortgage to the Commonwealth of Pennsylvania State Employes Retirement Fund ("the mortgagee") and the mortgage and assignment were duly recorded.

From May to October, 1980, the debtor failed to make his monthly mortgage payments to the mortgagee and, on October 10, 1980, the debtor, together with his wife, filed a joint petition for an adjustment of their debts under chapter 13 of the Code. On November 17, 1980, the mortgagee filed the instant complaint for relief from the automatic stay asserting that (1) its interest in the property is not adequately protected and (2) the debtors lack equity in the property and the property is not necessary for an effective reorganization.

Section 362(d) provides the conditions to be met in order for a party in interest to be

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

2. *See* 12 U.S.C. § 1707 *et seq.* Apparently, FHA loans are now handled by the Department of Housing and Urban Development. *See id.*

entitled to relief from the automatic stay provisions of that section:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Section 362(g) allocates the burden of proof in a complaint for relief from the stay and provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

At the trial of the instant complaint, the mortgagee presented evidence, through the assistant supervisor of the mortgage foreclosure department of Fidelity,[3] that the total amount of arrearages owed by the debtors on the mortgage to that date was $1,562.88 (excluding counsel fees and costs) and that the balance due on the mortgage debt was $15,553.89 (out of an original debt of $16,150). On cross-examination that witness testified that, while the mortgage in question was FHA-insured, he did not know the percentage for which it was insured.[4] For the debtors, Mrs. Roane testified herself that, in her inexpert opinion, the property was now worth about $23,000. Mrs. Roane further testified that she and her husband had proposed a chapter 13 plan under which they were to pay $170 a month as well as keep up their current mortgage payments outside of the plan. She also stated that they had given the current mortgage payment for the month of December to their attorney who was holding it in escrow.[5]

■■■ We conclude from all of the testimony that the mortgagee is not entitled to relief from the automatic stay. Under § 362(g) as stated above, the mortgagee has the burden of proving that the debtors lack equity in the property in order to obtain relief from the stay pursuant to § 362(d)(2). But no evidence was offered by the mortgagee on that issue. In fact, the only evidence offered on that point was the testimony of the debtor/wife that the debtors had equity in the property because, in her opinion, the value of the property was in excess of the total mortgage debt. Hence, we conclude that the mortgagee has failed to sustain its burden of proving that the debtors lack equity in the property and that, accordingly, the mortgagee is not entitled to relief from the stay under § 362(d)(2).

With respect to relief from the stay under § 362(d)(1), the mortgagee argues that it is entitled to such relief because its interest in the debtors' property is not adequately protected. Under § 362(g), the debtors have the burden of proving that the mortgagee's interest is adequately protected.

---

**3.** Fidelity is the servicing agent for the mortgagee and handles all of the billing and foreclosure actions on mortgages it services.

**4.** Mortgages are insured under the National Housing Act up to various percentages of the value of the mortgage. Under that program the United States will pay all costs and losses incurred by a mortgagee on an insured mortgage up to that percentage. *See* 12 U.S.C. § 1710.

**5.** The debtors' attorney stated that he was willing and able to turn over that payment to the mortgagee but that he had been having problems with some mortgagees of his clients who would not accept any payments after the clients filed a petition under the Bankruptcy Code because they believed it might prejudice their rights for relief from the stay. It is not clear whether the mortgagee in the instant case felt the same way.

Adequate protection may be provided by an equity cushion—that is, by proof that there is value in the property above the amount owed to the mortgagee that will shield the mortgagee's interest from loss due to any decrease in the value of the property during the time the automatic stay remains in effect. *See, e. g., In re Orlando Coals, Inc.,* 6 B.R. 721 (Bkrtcy., S.D.W.Va.1980); *In re El Patio, Ltd.,* 6 B.R. 518 (Bkrtcy., C.D.Cal. 1980); *In re Tucker,* 5 B.R. 180 (Bkrtcy., S.D.N.Y.1980); *In re Rogers Development Corp.,* 2 B.R. 679 (Bkrtcy., E.D.Va.1980); *In re Pitts,* 2 B.R. 476 (Bkrtcy., C.D.Cal.1980). *See generally,* 2 Collier on Bankruptcy ¶ 361.01[2] (15th ed. 1980). In the instant case the debtors have attempted to prove that there is an equity cushion of $7,500 in their property (the $23,000 value which the debtors place on their property, minus the balance of $15,500 still due on the mortgage debt). But we believe that, the testimony of the debtors alone, as to what they believe the value of their property is, may not be enough to establish that there is an equity cushion sufficient to adequately protect the mortgagee.

However, in the case at bench, we conclude that the above testimony of the debtors, unrebutted by the mortgagee, but coupled with the additional testimony offered by the debtors is enough to prove that the mortgagee herein is adequately protected. For example, the debtors in their chapter 13 plan have offered to make periodic payments directly to the mortgagee consisting of the current monthly mortgage payments (payable outside of the plan) as well as payment of the mortgage arrearages each month through the chapter 13 standing trustee. Section 361(1) of the Code specifically provides that:

"When adequate protection is required under section 362, of this title of an interest of an entity in property, such adequate protection may be provided by—
    (1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title results in a decrease in the value of such entity's interest in such property;"

A second reason why we conclude that the interest of the mortgagee herein is adequately protected is that its mortgage is insured by the United States Government under the provisions of the National Housing Act. Under those provisions, all losses suffered by the mortgagee on account of the mortgage—up to a certain percentage of the full mortgage debt—will be paid by the government. Although the exact percentage applicable to the instant mortgage was not brought out in the testimony, the current amount of the arrearages is only 10% of the mortgage debt and the counsel fees and costs (though not made part of the evidence) probably will not constitute a large percentage of the total debt. Consequently, we conclude that the FHA insurance adequately protects the mortgagee's interest in the debtors' residence.[6]

In light of all of the above, we conclude that the mortgagee is not entitled to relief from the automatic stay.

---

**6.** This is not to say that the Government's interest, as guarantor on the mortgagee, is adequately protected and will not suffer from a continuation of the stay. However, the Government has not requested relief from the stay and we have no authority to grant relief to one who has not sought it.