In re Henry SCHWARTZ, ind. and t/a
Gershberg Caterers a/k/a Rhawn
Delicatessen, Debtor.

BROKERS MORTGAGE SERVICE, Joseph Beller, Arthur Lerner, Stanley Altschuler, and Sherry Altschuler, Plaintiffs,

v.

Henry SCHWARTZ, Debtor and
Margaret Graham, Standing
Trustee, Defendants.

Bankruptcy No. 81–00134G.
Adv. No. 81–0052G.

United States Bankruptcy Court,
E. D. Pennsylvania.

March 11, 1981.

Steven T. Stern, Braemer & Kennedy, Philadelphia, Pa., for plaintiffs, Brokers Mortg. Service, Joseph Beller, Arthur Lerner, Stanley Altschuler and Sherry Altschuler.

Jordon Pitock, Philadelphia, Pa., for defendant/debtor, Henry Schwartz.

Margaret Graham, Philadelphia, Pa., Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether the plaintiffs in this case (consisting of the owners of certain real estate, the mortgagee, and the prospective buyers of said realty which is rented to and occupied by the debtor) are entitled to relief from the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code") to permit them to obtain possession of that property from the debtor. We conclude that they are because the debtor has no equity in the property and has failed to establish that the property is necessary for his effective reorganization under chapter 13 of the Code.

The facts of the instant case are as follows:[1] Brokers Mortgage Service ("the mortgagee") is the holder of the first mortgage on property located at 7820 Castor

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

Avenue, Philadelphia, Pennsylvania ("the premises"). Joseph Beller and Arthur Lerner ("the owners") own the property which they have agreed to sell to Stanley and Sherry Altschuler. Henry Schwartz ("the debtor") has occupied the premises without a written lease as a residence and place of business since May 1, 1973. He hasn't paid rent on the premises since April 1, 1979.

Since March 17, 1980, the owners and the mortgagee have made numerous unsuccessful efforts to obtain possession of the premises, including eviction proceedings in state court. While these proceedings have resulted in judgments for possession in favor of the mortgagee and the owners against the debtor, possession has never been achieved by the plaintiffs. As a result, settlement on the sale of the premises to the purchasers, which had been scheduled for various dates, was finally postponed again until January 19, 1981. On January 16, 1981, the debtor filed a petition for an adjustment of his debts under chapter 13 of the Code. This, of course, stayed any further action by the plaintiffs against the debtor. See 11 U.S.C. § 362(a). As a result, the plaintiffs have filed the instant complaint for relief from that stay to permit them to continue with their state court action to gain possession of the premises from the debtor.

At the trial held herein, the plaintiffs offered proof to the effect that the debtor had no equity in the property and that they were being severely harmed by the delay in their eviction proceedings because those proceedings had already been going on for almost a year. In addition, the prospective buyers of the premises were in danger of losing their mortgage commitment for an interest rate below the current rate. The plaintiffs further stated that they would allow the debtor to remove all of his personal property from the premises and that they had even offered to pay for his moving expenses, up to $7,000.

The debtor did not dispute any of the evidence offered by the plaintiffs. Instead, he merely testified that the reason he had not moved from the premises was that it would be very difficult to do so given the nature of his business. The debtor operates a kosher catering service and delicatessen which requires extensive plumbing and electrical systems and large equipment that is difficult and expensive to move. Furthermore, the debtor testified that he had been unable to locate another satisfactory property to which he could remove either his business or his family. The debtor also pleaded that, because Passover is fast approaching, he did not think that he would be able to remove himself from the premises in the immediate future.

■ Based on all of the evidence, we conclude that the plaintiffs are entitled to the relief requested and we will modify the stay to permit the plaintiffs to obtain possession of the leased premises from the debtor. Section 362(d) of the Code states the grounds upon which relief from the stay will be granted:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

Section 362(g) allocates the burden of proof of the elements necessary for relief from the stay:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>
> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>
> (2) the party opposing such relief has the burden of proof on all other issues.

In the instant case the plaintiffs have sustained their burden of proving that the

debtor has no equity in the premises. The plaintiffs have gone further and shown that they are entitled to relief from the stay "for cause" in that a delay could jeopardize the sale of the premises and that their interest in the property is not being adequately protected because they do not have the possession of the premises to which they are legally entitled.

The debtor has not attempted to rebut any of the testimony of the plaintiffs nor has he offered any evidence to support the elements on which he has the burden of proof. Firstly, the debtor has failed to prove that the premises are necessary for his effective reorganization. At the trial, the debtor conceded that, despite the passage of months, he had not yet filed any plan. Secondly, from his testimony it appears that, although the property at issue is the only situs of the debtor's business, it is not essential to the business that it be carried on at those premises. In fact, the debtor stated that he intended to move his family and business elsewhere as soon as he could find a suitable place.

Even if the debtor had offered some proof that the premises were essential for his effective reorganization, we would still conclude that the plaintiffs are entitled to relief from the stay because the debtor has made no attempt to provide the plaintiffs with adequate protection of their interest in the property. *See, e. g., In re GSVC Restaurant Corp.*, 3 B.R. 491 (Bkrtcy., S.D.N.Y.1980); *In re Aries Enterprises, Ltd.*, 3 B.R. 472 (Bkrtcy., D.C.1980); *In re A.L.S. Inc.*, 3 B.R. 107 (Bkrtcy., E.D. Pa.1980).

The defense which the debtor has offered—that because of the equipment involved it will be difficult to move—is not a proper defense to a complaint for relief from the stay under § 362(d). Hardship to the debtor alone is not a reason for denying relief from the stay where the creditor has otherwise established its right to that relief. *See e. g., In re Dallasta*, 7 B.R. 883 (Bkrtcy., E.D.Pa.1980).

In light of all of the above, we will grant the relief sought by the plaintiffs.