In re Robert R. ROSELLI, Debtor.

BENEFICIAL MUTUAL SAVINGS BANK, Plaintiff,

v.

Robert R. ROSELLI,

and

Margaret Graham, Trustee, Defendant.

Bankruptcy No. 80–03458G.
Adv. No. 81–0103G.

United States Bankruptcy Court,
E. D. Pennsylvania.

April 15, 1981.

Harry J. J. O'Neill, Philadelphia, Pa., for plaintiff, Beneficial Mutual Savings Bank.

S. Simpson Gray, Stokes E. Mott, Jr., Mott & Gray, P.C., Philadelphia, Pa., for debtor/defendant, Robert R. Roselli.

Margaret Graham, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The problem confronting us in this case is whether the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code") should be modified to permit the first mortgagee to proceed with foreclosure proceedings against the residence owned by the debtor in which he and his wife reside. We conclude that the stay should be modified both because the first mortgagee has established that the debtor has no equity in the property and because the debtor has failed to prove that the debtor's residence is necessary for the success of his chapter 13 plan.

The facts of the instant case are as follows:[1] On April 20, 1979, Robert R. Roselli ("the debtor") and Carol C. Roselli, his wife, executed a first mortgage on their home, located at 4823 Alcott Street, Philadelphia, Pennsylvania, to the Boulevard Mortgage Company which subsequently assigned that mortgage to the Beneficial Mutual Savings Bank ("the first mortgagee").

Beginning in May, 1980, the debtor failed to make the monthly payments of principal and interest of $236 due on the mortgage. Accordingly, in October, 1980, the first mortgagee instituted foreclosure proceedings in the state courts and the property was listed for Sheriff's sale on January 5, 1981. On December 31, 1980, the debtor filed a petition for an adjustment of his debts under chapter 13 of the Code, whereupon the sale of the property was automatically stayed by the provisions of § 362(a) of the Code. The first mortgagee thereafter filed the instant complaint for relief from that stay.

Section 362(d) provides the standard to be applied in complaints for relief from the stay:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Section 362(g) allocates the burden of proof on the above issues as follows:

(g) In any hearing under subsection (d) or (e) of concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

At the trial of the instant complaint, the first mortgagee offered evidence through the testimony of the mortgage servicing agent that the total amount of the first mortgage debt due at that time was $26,073.41 and that there was a second mortgage on the property totaling $2,625.00 in favor of the Transamerica Financial Consumer Discount Company. The first mortgagee further offered evidence through the testimony of a qualified appraiser that the present fair market value of the property was $21,500.00 and that its rental value is $225 per month.

The debtor's evidence consisted of the testimony of the debtor himself that the property was necessary for the success of his chapter 13 plan because it was his resi-

---

[1]. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

dence. The debtor also elicited on cross-examination of the mortgage servicing agent that the first mortgagee is guaranteed by the Veterans Administration ("VA").

■ We have recently held that, where there is a guarantee of a mortgage, the mortgagee's interest in the property may be adequately protected and it is not necessarily entitled to relief from the stay under § 362(d)(1). *See In re DiBona*, 9 B.R. 21 (Bkrtcy.E.D.Pa.1981); *In re Roane*, 8 B.R. 997 (Bkrtcy.E.D.Pa.1981).[2] From the evidence in the case at bench, we conclude that the first mortgagee is not entitled to relief from the automatic stay under § 362(d)(1) because its interest in the property is adequately protected by the VA guarantee.

However, we conclude that the first mortgagee is entitled to relief under § 362(d)(2) of the Code. From the evidence presented by the first mortgagee, we find that it has sustained its burden of establishing that the debtor lacks equity in his residence. Therefore, the first mortgagee is entitled to relief from the automatic stay under § 362(d)(2) unless the debtor has carried his burden of establishing that the property is "necessary to an effective reorganization." 11 U.S.C. § 362(d)(2)(B).

■ We are aware that some courts have held that the element of necessity for an effective reorganization is only applicable to a chapter 11 reorganization case and, therefore, is not relevant in a chapter 13 adjustment of debts case. *See, e. g., In re San Clemente Estates*, 5 B.R. 605, 6 B.C.D. 838, 2 C.B.C.2d 1003 (Bkrtcy.S.D.Cal.1980); *In re Feimster*, 3 B.R. 11, 6 B.C.D. 131 (Bkrtcy.N.D.Ga.1979); *In re Sulzer*, 2 B.R. 630, 5 B.C.D. 1314 (Bkrtcy.S.D.N.Y.1980). But we have previously held that necessity for an effective reorganization is equally relevant in a chapter 13 case. *See, e. g., In re Schwartz*, 9 B.R. 445 (E.D.Pa.1981); *In*

*re McGowan*, 6 B.R. 241 (E.D.Pa.1980); *In re McAloon*, 5 B.C.D. 1207, 1 B.R. 766 (E.D. Pa.1980).

■ In the case *sub judice* we conclude that the debtor has failed to sustain his burden of establishing that the property in question is essential to the success of his chapter 13 plan. The only evidence presented by the debtor on this issue was his own testimony that the only reason he filed a chapter 13 plan was to save his home. However, the debtor offered no evidence that keeping his home was essential to his plan either because other adequate housing was unavailable or because his home was used in his job. In fact, the first mortgagee offered evidence that the rental value of the debtor's home was $225 a month while the payments due on the mortgage were $236 a month. This supported the first mortgagee's contention that the debtor could find comparable rental property within his means and, therefore, made his retention of the debtor's residence unnecessary for the success of his plan. We agree with this argument and therefore conclude that the debtor has failed to sustain its burden of proving that the debtor's continued ownership of his home is essential to his plan. Consequently, we conclude that the first mortgagee is entitled to relief from the automatic stay under § 362(d)(2) of the Code.

---

**2.** However, as we noted in *Roane*, the interest of the guarantor of the mortgage may not be adequately protected and, if the guarantor were to request relief from the automatic stay, it might be entitled to such relief from § 362(d)(1). *See, In re Roane, supra*; slip op. at 1000 n. 6.