In re Eric T. SCHRAMM and Joan Schramm, Debtors.

The MINERS NATIONAL BANK OF POTTSVILLE, Plaintiff,

v.

Eric T. SCHRAMM and Joan Schramm, Defendants.

Bankruptcy No. 80–01627T(13).
Adv. No. 80–0825.

United States Bankruptcy Court,
E. D. Pennsylvania.

July 24, 1981.

Kent H. Herman, Allentown, Pa., for debtors.

Frank S. Poswistilo, Easton, Pa., for plaintiff.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

The present proceedings concern the complaint of Miners National Bank of Pottsville [hereinafter, the Bank], which seeks relief from the automatic stay imposed by 11 U.S.C. § 362(a) (1979).[1] For reasons hereinafter given, we conclude that the stay should not be modified.

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752

In June of 1978, the debtors (along with other individuals not parties to this proceeding) executed a promissory note containing a confession of judgment clause, payable to the Bank in the face amount of $45,000. The note was to secure repayment of a loan given by the Bank to finance the debtors' business venture. The Bank entered judgment against debtors in May of 1978. When debtors subsequently defaulted on repayment of the loan, the Bank commenced state foreclosure proceedings which resulted in a writ of execution being issued against debtors' residence, their only real property. Ensuing petitions and appeals on debtors' behalf to halt the sale of the property were fruitless. In July of 1980, prior to the scheduled execution sale, the debtors filed a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code [11 U.S.C. §§ 1301–1330 (1979); hereinafter, the Code.] Pursuant to Section 362(a) of the Code, the sheriff's sale was stayed, and soon thereafter, the Bank filed this complaint.

The Bank's complaint seeks relief from the stay pursuant to 11 U.S.C. § 362(d) (1979); the complaint alleges that the encumbrance is valued at $54,000, that the debtors have no equity in the property, and that the property is not necessary for an effective reorganization. In their answer, debtors deny all material allegations.

The parties have stipulated that the Bank's encumbrance is junior to a mortgage held by Nazareth Federal Savings and Loan Association. The balance due on that indebtedness is stipulated to be $21,600. Pursuant to 11 U.S.C. § 362(e) (1979), the preliminary hearing was consolidated and held with the final hearing on January 28, 1981. At that time, evidence was heard, and the case was taken under advisement pending receipt of transcript and briefs.

Section 362(d) permits modification of the automatic stay upon alternative

of the Rules of Bankruptcy Procedure.

grounds. Relief may be granted under Section 362(d)(1) upon a finding that a parties' interest in property is not adequately protected, or under Section 362(d)(2), upon a finding that debtor has no equity in the property and that it is not necessary to an effective reorganization.[2] When relief is sought under Section 362(d), the party seeking relief from the stay has the burden of proof on the issue of debtors' equity in the property, but the party objecting to the relief has the burden on all other issues. 11 U.S.C. § 362(g) (1979).

We now turn to the evidence presented in this case.

The Bank first presented an expert real estate appraiser, who testified that the fair market value of the debtors' real property, using the market data approach, was $72,000 [Notes of Testimony, at 9; hereinafter cited as N.T.]

The Bank then called Mr. Schramm, the debtor-husband, as on cross-examination, who testified that he and his wife had at one time filed a document labeled "Suggestion of Freehold"[3] with the Court of Common Pleas of Northampton County. Mr. Schramm admitted that he signed the document, and that the document contained a statement that the real property in question was worth $65,000. Mr. Schramm admitted that the schedules in bankruptcy listed the same property as worth only $50,000. The document was admitted into evidence over objection. The Bank then rested.

The debtors then offered the testimony of a real estate salesperson that the property had a "probable sales price" of $64,000 [N.T., at 36.] This opinion was based upon comparisons with the sales prices of similar properties in the same general area as the debtors' property. The debtor then rested.

 As stated previously, the law is clear that the party seeking relief from the automatic stay has the burden of proof with regard to the issue of debtors' equity in the property. The burden is generally met by testimonial or documentary evidence of the total value of encumbrances on the property, and then evidence that the fair market value of the property is less than the total encumbrances. Here, the Bank has offered evidence of the fair market value of the property, but they have failed to offer any evidence of the amount currently owing on the debt.[4]

We are therefore unable to determine the debtors' equity, if any, in the property.

The debtors' schedules list the Bank as having a claim in the amount of $45,000, but the schedules have not been offered into evidence, and we may not consider them in our decision. *In re Aughenbaugh*, 125 F.2d 887 (3rd Cir. 1942). The document labelled "Suggestion of Freehold" arguably contains an admission of the value of the Bank's claim, but that document was prepared in 1978, and cannot fairly be said to constitute evidence of the Bank's present claims.

We conclude that the Bank has not met its burden of proving that debtors lack equity in the property, and we therefore deny the Bank's application to modify the stay.

---

**2.** Some courts have decided that Section 362(d)(2)(B) does not apply to cases commenced under Chapter 13 of the Code, *e. g. In re Branch*, 10 B.R. 227, 7 BCD 540 (Bkrtcy.E.D. N.Y.1981); *contra, In re Roselli*, Bankr., 10 B.R. 665 (E.D.Pa.1981). Because of our finding regarding equity in the property, we need not reach this question.

**3.** Apparently the purpose of the document was to stay an execution sale pursuant to state law.

**4.** At the hearing on this matter, we asked if counsel could stipulate to the amount due and owing on the Bank's note. Counsel for debtor refused to stipulate to the amount due and owing, but agreed that the face value was $45,000, and that judgment had been entered on the note.