In re George WILSON, Jr. and Denise E. Wilson, Debtors.

FEDERAL NATIONAL MORTGAGE AS-SOCIATION and S.M.J. Investment Company, Plaintiffs,

v.

George WILSON, Jr. and Denise E. Wilson and James J. O'Connell, Trustee, Defendants.

Bankruptcy No. 81–00424G.
Adv. No. 82–1199G.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 7, 1983.

Sheldon C. Jelin, Wollman & Tracey, Philadelphia, Pa., for plaintiff, Federal Nat. Mortg. Ass'n.

E. Gerald Donnelly, Jr., Fox, Rothschild, O'Brien & Frankel, Philadelphia, Pa., for plaintiff, S.M.J. Inv. Co.

Jerry Schuchman, Glenside, Pa., for debtors/defendants, George Wilson, Jr. and Denise E. Wilson.

James J. O'Connell, Philadelphia, Pa., Standing Chapter 13 Trustee.

OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented herein is whether a mortgagee which foreclosed on the debtors' realty, and a buyer which purchased said property at a sheriff's sale, are entitled to relief from the automatic stay provisions of section 362(a) of the Bankruptcy Code ("the Code") in order to permit the buyer to perfect its title to said property. We conclude that the mortgagee and the buyer are entitled to such relief because we find that the mortgagee's interest in the subject property is not adequately protected because the debtors have not made any payments to the mortgagee since May 1, 1980, and because the debtors have failed to make the necessary payments under their chapter 13 plan.

The facts of the instant case are as follows:[1] On January 5, 1981, the premises located at 7102 Stenton Avenue, Philadelphia, Pennsylvania, and owned by George and Denise E. Wilson ("the debtors") were sold at sheriff's sale to S.M.J. Investment Company ("the buyer") for $27,600.00 as a result of a mortgage foreclosure action begun by Federal National Mortgage Association ("the mortgagee"). On February 4, 1981, the buyer settled with the title company by paying the balance of the purchase price and all title costs and by executing and delivering all the necessary documents. On February 5, 1981, the title company

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

concluded the settlement with the Sheriff of Philadelphia County. One day later, on February 6, 1981, before the Sheriff could issue his deed and before that deed could be acknowledged and recorded, the debtors filed a petition for an adjustment of their debts under chapter 13 of the Code. The Sheriff thereafter refused to issue the deed because he felt constrained by the automatic stay provisions of § 362(a) of the Code. Notwithstanding his earlier refusal, the Sheriff did issue the deed which was acknowledged and recorded. After the deed was issued and recorded, the buyer commenced eviction proceedings in the state courts against the debtors. On April 9, 1982, we held that all the actions taken by and for the Sheriff of Philadelphia County on and after February 6, 1981,[2] in connection with the debtors' property were null and void as being in violation of the automatic stay provisions of section 362 of the Code.[3] On May 18, 1982, the mortgagee and the buyer[4] filed a joint complaint for relief from the automatic stay against the debtors in order to allow the buyer to perfect its title to the debtors' property, by having the deed to said property issued, acknowledged and recorded.[5]

Section 362(d) of the Code provides when relief from the stay shall be granted:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).[6]

The trustee testified that, as of the date of trial, the total amount paid by the debtors under their chapter 13 plan, which was filed on February 17, 1981, was $2,860.00 (N.T. 6/3/82 at 5). Of that amount, a lump sum of $2,700.00 was paid on March 17, 1982. However, on May 27, 1982, the debtors filed an "application to remit arrearages" accumulated under their chapter 13 plan. Said application, which was approved by the trustee, was granted. At the trial of this case, the trustee testified that his approval of the application to remit the arrearages was in error (N.T. 6/3/82 at 6).

**2.** This was the date on which the debtors filed their petition.

**3.** *See In re Wilson,* 19 B.R. 45 (Bkrtcy.E.D.Pa. 1982).

**4.** It is apparent that S.M.J., as the purchaser at the sheriff's sale, has an interest in the property in question. *See, e.g., Marx Realty and Inv. Co. v. Boulevard Center, Inc.,* 398 Pa. 1, 156 A.2d 827 (1959); *Pennsylvania Co. for Ins. on Lives and Granting Annuities v. Broad Street Hosp.,* 354 Pa. 123, 47 A.2d 281 (1946).

**5.** In our previous opinion, we ruled:
We have held only that the actions taken by the Sheriff after the filing of the debtors' petition are null and void as a violation of the automatic stay. Those actions which were taken before the filing of the debtors' petition (namely, the sheriff's sale itself and the settlement by S.M.J.) are not so avoidable. Consequently, any interest in the property which S.M.J. received as a result of that sale and settlement is not, we conclude, affected

in any way by our decision herein. Furthermore, as we stated above, there is apparently nothing to prevent S.M.J. from now seeking relief from the automatic stay to permit it to continue with whatever actions are necessary to perfect its title in the property which it purchased at the sheriff's sale and to seek to evict the debtors.
*See In re Wilson,* n. 3 *supra* at 48.

**6.** Section 362(g) allocates the burden of proof in a complaint for relief from the stay as follows:
(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
(2) the party opposing such relief has the burden of proof on all other issues.
11 U.S.C. § 362(g).

It is undisputed that the debtors have not made any payments to the mortgagee since May 1, 1980. At the time the debtors filed their petition for relief, they were ten months in arrears on their mortgage payments. Moreover, during the sixteen month period that elapsed between the filing of the debtors' plan and the instant trial, the mortgagee received no payments whatsoever and the trustee, as previously mentioned, accumulated a grand total of $2,860.00 in his account. According to the debtors' plan, the monthly payment due the mortgagee is $248.37.[7] Using this figure, the arrearages owed by the debtors to the mortgagee when the petition was filed was $2,483.70 (ten months in arrears) and the amount that should have been paid in current mortgage payments from the date the plan was filed until the time of trial is $4,811.04.[8] Furthermore, the debtors maintain that both the arrearages and the current payments owed the mortgagee are to be paid under the plan. Ordinarily, we would not hesitate to grant relief from the stay under these circumstances. However, the debtors argue that their virtually nonexistent payment history should be excused and that, since they are now ready to resume making regular plan payments, the relief sought should be denied.[9]

Even if we were to reaffirm our approval of the debtors' application to abate the arrearages accumulated under their plan, we find that there is ample cause to modify the stay. The debtors were ten months in arrears on their mortgage payments when they filed their petition. The debtors are now sixteen months behind in their post-petition payments to the mortgagee. The trustee holds but $2,860.00 in his account and there are priority claims against the debtor totalling $2,877.12.[10] To hold that the mortgagee is adequately protected by permitting the debtors to resume making regular plan payments and, in effect, "catch-up" on twenty-six monthly payments that are long past due would be an abuse of the protection given by the Code.[11] Rather, these facts establish that there is sufficient "cause"[12] to permit modification of the stay and we conclude, therefore, that the mortgagee and the buyer are entitled to relief from the automatic stay.[13]

---

**7.** *See* debtors' chapter 13 statement at ¶ 11.

**8.** *See* n. 11 *infra*.

**9.** The debtors filed their petition on February 6, 1981, and their plan on February 17, 1981. Up until March of 1982, the debtors paid only $186.00 to the trustee. A lump sum payment of $2,700.00 was made in March of 1982 to the trustee. The debtors' explanation for this payment history is that, in September of 1981, they were both hospitalized, the debtor-husband for a period of seventeen days and the debtor-wife for a seven day period. The debtor-husband returned to work for two weeks after his hospitalization in October of 1981 but has been unemployed, up until two weeks before the instant trial, since October 30, 1981 (N.T. 6/3/82 at 29).

**10.** According to the debtors' plan, the trustee should have received, as the day of trial, $4,811.04 with which to pay the mortgagee ($370.08 × 13 months) and $1,038.96 with which to pay priority claims ($79.92 × 13 months). The standing order was entered on May 5, 1981.

**11.** While "adequate protection" is not defined in the Bankruptcy Code, the legislative history of § 361 reflects the intent of Congress to give the courts the flexibility to fashion the relief in light of the facts of each case and general equitable principles. *See* H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 339 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787. It has been held that the failure to make current mortgage payments for a period of ten months is cause for modifying the stay. *See In re Hinkle,* 14 B.R. 202 (Bkrtcy.E.D.Pa.1981).

**12.** *See* 362(d)(1) of the Code cited in the text *supra*.

**13.** Section 362(d) permits modification of the automatic stay upon alternative grounds. Relief may be granted under § 362(d)(1) upon a finding that a debtor's interest in property is not adequately protected or under § 362(d)(2) upon a finding that the debtor has no equity in the property and that that property is not necessary to an effective reorganization. *See In re Schramm,* 12 B.R. 608 (Bkrtcy.E.D.Pa.1981); *In re Heath,* 9 B.R. 665 (Bkrtcy.E.D.Pa.1981).