In re ST. CLAIR SUPPLY COMPANY, INC., and Builder's Supply Company, Inc., trading as Tube City Concrete Products Company, Inc. Debtors.

SOUTHWEST NATIONAL BANK OF PENNSYLVANIA, N.A., Plaintiff,

v.

ST. CLAIR SUPPLY COMPANY, INC., and Builder's Supply Company, Inc., trading as Tube City Concrete Products Company, Inc. and Lawrence N. Ravick, Trustee Defendants.

Bankruptcy Nos. 87–03170, 87–03174. Adv. No. 89–0190.

United States Bankruptcy Court, W.D. Pennsylvania.

Sept. 7, 1989.

David K. Rudov, Rudov & Stein, Pittsburgh, Pa., for reorganized debtor.

Christopher J. Richardson, Tucker Arensberg, P.C., Pittsburgh, Pa., for Southwest Nat. Bank of Pennsylvania, N.A.

David Lampl, Pittsburgh, Pa., for former debtor-in-possession.

## MEMORANDUM OPINION

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The matters before the court are cross-motions for summary judgment. Southwest National Bank of Pennsylvania, N.A., (hereafter SWNB) filed a complaint seeking a determination that a deficiency of $59,-192.88 in a bank account in which it was secured is entitled to priority status as an administrative expense under 11 U.S.C. § 507(b) in this Chapter 11 case. The Plan which was confirmed on May 26, 1989 was submitted by the Official Committee of Unsecured Creditors, and the prepetition owners and officers of the Debtor retain no interest in the reorganized Debtor.

Approximately five months prepetition Debtor, by its then officers Charles M. and Michael R. Santone, II, executed a demand promissory note which stated that in consideration for a loan of $204,000.00, it "pledged and deposited herewith as collateral security" and granted a security interest in 4,900 shares of Southwest National Corporation titled in the name of Daniel A. Santone, 1,584 shares of Southwest National Corporation titled in the names of Michael R. and Virginia Santone, and $65,-000.00 held in Investment Account No. 80–200605 titled in the names of Michael R. and Virginia Santone. Documents entitled "Consent to Pledge", one executed by Michael R. and Virginia Santone and the other by Daniel Santone, provided that Debtor was permitted to use the shares and the Investment Account "with the same force and effect as if the property were owned by Debtor." SWNB also had a right to set off proceeds in ten accounts which Debtor maintained with SWNB.

Two days prepetition, the Internal Revenue Service levied on all of Debtor's accounts with SWNB. One day prepetition, SWNB executed its setoff right in the amount of $113,668.88. Notice of the setoff was given to Debtor on November 20, 1987, the petition filing date.

Post-petition, Debtor and SWNB agreed that SWNB would return $76,918.02 of the setoff funds provided that Debtor gave adequate protection in exchange. Negotiations occurred and the matter was settled when these and other parties in interest consented to an order drafted by SWNB which this court entered on March 31, 1988.

The consent order established the allowed amounts of SWNB's secured and unsecured claims, approved the use of cash collateral, and provided for adequate protection with respect to SWNB's secured claim. The adequate protection to SWNB was three-fold:

(1) Debtor was authorized to make payments to SWNB in an amount not to exceed $5,000.00 per month. Debtor made several payments, thereby reducing SWNB's secured claim from $76,918.02 to $59,192.88. Debtor did not pay each and every month.

(2) SWNB was given a lien on Debtor's deposits with SWNB.

(3) The assets pledged as security remained in place as collateral for the entire allowed claim, both secured ($76,918.02) and unsecured ($73,081.98). The order was entered with the understanding and intent of the court and all parties present at the time that the pledged collateral was to serve as protection for the bank's interest. Under the terms of the Consents to Pledge the collateral could be "held, transferred, sold or otherwise disposed of by [SWNB] pursuant to the terms and conditions of any note or agreement or direction ... executed by Debtor...." SWNB did not take any action to liquidate the collateral, despite having the right and opportunity to

do so, nor did it raise the lack of adequate protection until the hearing on the Plan of Reorganization.

SWNB contends that Debtor's preconfirmation default in monthly payments and the preconfirmation decline in the deposits Debtor kept with SWNB constituted failure of adequate protection which, in turn, requires the imposition of an order declaring SWNB's secured claim to be paid as an administrative priority. The reorganized Debtor contends that the collateral value is so great that adequate protection did not fail and that no administrative priority is appropriate. The court agrees with the reorganized Debtor.

Adequate protection to a secured creditor may be provided, *inter alia*, by substitute collateral or by a guaranty. *In re Reading Tube Industries*, 72 B.R. 329 (Bankr.E.D. Pa.1987); *In re Harrow Leasing Corporation*, 35 B.R. 916 (Bankr.E.D.Pa.1983); *In re Roane*, 8 B.R. 997 (Bankr.E.D.Pa.1981), *affirmed*, 14 B.R. 542 (E.D.Pa.1981). This court approved the use of collateral as adequate protection by virtue of the March 31, 1988 order. There has been no showing that the pledged collateral was insufficient to protect SWNB inasmuch as its stipulated value was then and is now in excess of $191,000.00 and the principal balance owed on the allowed secured claim is $59,-192.88. Insofar as SWNB alleges that the order of March 31, 1988, is ambiguous, the ambiguity must be construed against it as the drafter.

An appropriate order will be entered.

### ORDER

And now, to-wit, this 7th day of September, 1989, it is ORDERED that Defendants' Motion for Summary Judgment is GRANTED. Southwest National Bank of Pennsylvania N.A.'s (SWNB) Motion for Summary Judgment is DENIED. The complaint of SWNB requesting administrative priority treatment is DISMISSED and judgment is entered for Defendants.