In re Charles DiBONA and Raffeala Marge DiBona, Debtors.

FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,

v.

Charles DiBONA and Raffeala Marge DiBona and Leo Doyle, Trustee, Defendants.

Bankruptcy No. 80–02640G.
Adv. No. 80–0709G.

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 20, 1981.

John Swartz and Alan H. Gilbert, Philadelphia, Pa., for plaintiff, Federal Nat. Mortg. Assn.

Mark Kaufman, Darby, Pa., for debtors/defendants, Charles DiBona and Raffeala Marge DiBona.

Leo Doyle, Philadelphia, Pa., Trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether we should modify the automatic stay imposed by § 362(a) of the Bankruptcy Code ("the Code") to permit the mortgagee to foreclose on the debtors' residence. We conclude that the mortgagee is not entitled to a modification of the stay because (1) it has failed to prove that the debtor lacks equity in the property and (2) its interest in that property is adequately protected by the mortgage guarantee given by the Veterans' Administration.

The facts of the instant case are as follows:[1] On October 6, 1978, Charles and Raffeala DiBona ("the debtors") granted a mortgage on their residence at 801 School Lane, Folcroft, Pennsylvania, to Fidelity Bond and Mortgage Company ("Fidelity"). That mortgage, guaranteed by the United States through the Veterans' Administration ("VA"), was thereafter assigned by Fidelity to the Federal National Mortgage Association ("FNMA"), and both the mortgage and the assignment were duly recorded.

Beginning in May of 1980, the debtors failed to make their monthly mortgage payments of $383 to FNMA. Accordingly, on October 14, 1980, FNMA filed a state court complaint in mortgage foreclosure against the debtors. On October 15, 1980, the debtors filed a petition for relief under chapter 7 of the Code, thereby staying the foreclosure action by FNMA against the debtors. On November 17, 1980, FNMA filed the instant complaint for relief from the automatic stay asserting that (1) its interest in the debtors' residence is not adequately protected, (2) the debtors lacked equity in that property and (3) the property is not necessary for an effective reorganization.

Section 362(d) of the Code governs when relief from the stay shall be granted:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d). Subsection (g) of the same section allocates the burden of proof

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of   the Rules of Bankruptcy Procedure.

in an action for relief from the stay as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

At the trial of the instant complaint, FNMA introduced evidence, through the testimony of Fidelity's assistant supervisor for mortgage foreclosure,[2] as to the length of time that the debtors have been in default on the mortgage (since May, 1980) and of the amount of the arrearages ($3,171.24 excluding counsel fees and costs). Nor was any of the other evidence required by § 362(g)(1) offered by FNMA. And the only evidence offered by the debtors was testimony elicited from FNMA's witness on cross examination to the effect that the mortgage in question was a VA-guaranteed mortgage, which means that any losses suffered by FNMA on account of the mortgage (including attorneys fees and costs) would be paid by the VA up to 60% of the mortgage. Consequently, the witness admitted that FNMA would probably not suffer any loss on the mortgage.

As a result of our review of the evidence presented, we conclude that FNMA has wholly failed in meeting its burden of proving the debtors' equity (or the lack of it) in their residence. Not a scintilla of evidence was offered by anyone either as to the fair market value of the property or as to the total amount of the mortgage that is secured by that property. Without those relevant facts we are unable to ascertain whether the debtors have any equity in that property. Since FNMA has the burden of proof on the issue of the debtors' equity and has failed to carry that burden, we conclude that FNMA is not entitled to relief from the stay from § 362(d)(2). *See* 11 U.S.C. § 362(d)(2) *supra*.[3]

However, equity is not only relevant to subsection (d)(2) of § 362, it is also relevant to subsection (d)(1) on the issue of adequate protection because if the debtors do have equity in the property, the equity cushion provided thereby may be enough to adequately protect the mortgagee. *See, e. g., In re Orlando Coals, Inc.,* 6 B.R. 721 (Bkrtcy.S.D.W.Va.1980); *In re El Patio, Ltd.,* 6 B.R. 518 (Bkrtcy.C.D.Cal.1980); *In re Tucker,* 5 B.R. 180 (Bkrtcy.S.D.N.Y. 1980); *In re Rogers Development Corp.,* 2 B.R. 679 (Bkrtcy.E.D.Va.1980); *In re Pitts,* 2 B.R. 476 (Bkrtcy.C.D.Cal.1980). *See generally,* 2 Collier on Bankruptcy ¶ 361.01[2] (15th ed. 1980). In the instant case, however, the debtors have not asserted, nor attempted to prove that there is such an equity cushion in the property to protect FNMA's interest. Instead, the debtors assert that FNMA's interest in their residence is adequately protected by the VA guarantee.

We agree with the debtors' contention. From the testimony of FNMA's witness and from an examination of the statute and regulations applicable to VA-guaranteed loans,[4] it is clear that FNMA's interest in the property of the debtors herein is adequately protected. Under the VA guarantee, any loss which FNMA suffers as a result of the mortgage on the debtors' property will be repaid up to 60% of the mortgage.[5] There is no evidence that FNMA's losses to date even approach that figure in or will they in the near future. Consequently, we conclude that FNMA's interest in the property is adequately protected and will not suffer from a continuation of the

---

**2.** Fidelity is the servicing agent for the mortgagee and handles all of the billing and foreclosure actions on mortgages it services.

**3.** Since this is a chapter 7 case, the requirement that the property be necessary for an effective reorganization is inapplicable.

**4.** *See* 38 U.S.C. § 1801 *et seq.* and 38 C.F.R. § 36.4201 *et seq.*

**5.** 38 U.S.C. § 1803(a)(1). 38 C.F.R. § 36.4313.

stay.[6] We will, therefore, deny FNMA's request for relief from the stay.

6. This is not to say that the VA's interest, as guarantor on the mortgage, is adequately protected and will not suffer from a continuation of the stay. However, the VA has not requested relief from the stay and we have no authority to grant relief to one who has not sought it.