In the Matter of **COMMONWEALTH OF PENNSYLVANIA STATE EMPLOYEES' RETIREMENT FUND**

v.

**William A. ROANE, Margaret Graham, Trustee.**

Civ. A. No. 81–1319.

United States District Court, E. D. Pennsylvania.

Sept. 11, 1981.

John Swartz, Alan H. Gilbert, Philadelphia, Pa., for plaintiff.

Thomas J. Turner, III, Philadelphia, Pa., William A. Roane, pro se, Janet Sonnenfeld, Philadelphia, Pa., for defendant.

## OPINION

BECHTLE, District Judge.

This is an appeal from an order of the bankruptcy court denying a request for relief from an automatic stay preventing the mortgagee, Commonwealth of Pennsylvania State Employees' Retirement Fund ("Retirement Fund"), from foreclosing on the residence of the debtors, William and Dolores Roane. The question before the Court is whether an offer by the debtor to make periodic payments on a mortgage which is also federally insured by the Federal Housing Administration ("FHA"), constitutes "adequate protection" for the mortgagee's security interest in the mortgaged property. For the following reasons, the Court affirms.

### I.

On April 2, 1975, William A. Roane executed a mortgage to Fidelity Bond and Mortgage Company ("Fidelity") on his residence located at 4909–11 N. Uber Street, Philadelphia, Pennsylvania. The mortgage was federally insured by the FHA under the National Housing Act, 12 U.S.C. §§ 1707 to 1715z–11. Fidelity thereafter assigned the mortgage to Retirement Fund. From May to October, 1980, the debtor failed to make his monthly mortgage payments. On October 10, 1980, the debtor, together with his wife, filed a petition for the adjustment of their debts under Chapter 13 of the Bankruptcy Code, 11 U.S.C. §§ 1301–1330.

On November 17, 1980, Retirement Fund filed a complaint for relief from the automatic stay. At the hearing, testimony was presented by an assistant supervisor of Fidelity's mortgage foreclosure department on behalf of Retirement Fund that the total amount of arrearages was $1,562.88 and that the total balance owed was $15,553.89 on the mortgage debt. The original mortgage was in the amount of $16,150.00. Testimony was further presented that the mortgage was federally insured by the FHA, but that the percentage of insurance was unknown.

Mrs. Roane, on behalf of the debtors, testified that the present fair market value of the home was $23,000.00 and that, under the proposed Chapter 13 plan, the debtors would pay $170.00 a month as well as maintaining the current mortgage payments outside the plan. The payment for the month of December was deposited with the debtor's attorney, in escrow, because of Retirement Fund's apprehension that an acceptance of the payment would prejudice its possible rights to relief from the stay.

The bankruptcy court held that Retirement Fund was not entitled to relief because (1) it had failed to prove that the debtor lacked equity in the property, and (2) that its security interest was "adequately protected" by the offer of the debtor to make periodic payments on the mortgage and the FHA mortgage guarantee. 8 B.R. 997. (Bkrtcy.) Retirement Fund now appeals the bankruptcy court's holding that its interest in the mortgaged property is "adequately protected."

### II.

The filing of a petition in bankruptcy operates as an automatic stay under 11 U.S.C. § 362(a) on any attempts by the debtor's creditors to collect on any claims arising prior to the filing of the petition. The purpose of the stay is to provide a "breathing spell" and allow the debtor "to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy." S.Rep.No.95–989, 95th Cong., 2d Sess. 54–55 (1978), reprinted in [1978] U.S.Code Cong. & Ad.News 5787, 5840–41. Section

362(d), however, provides that in certain circumstances a creditor may obtain relief from the stay:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2) with respect to a stay of an act against property, if—
>
> (A) the debtor does not have an equity in such property; and
>
> (B) such property is not necessary to an effective reorganization.

Retirement Fund contends that the bankruptcy court erred with respect to its claim for relief under § 362(d)(1).[1] Specifically, the appellant contends that the bankruptcy court erred in its holding that the bankruptcy stay should not be lifted for "cause" because there is "adequate protection" for the security interest in the mortgaged property.

Although the Bankruptcy Code does not define the term "adequate protection," methods of providing such protection are listed in 11 U.S.C. § 361:

> When adequate protection is required under section 362, 363, or 364 of this title of an interest of an entity in property, such adequate protection may be provided by—
>
> (1) requiring the trustee to make periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> (2) providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
>
> (3) granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

In *In re Murel Holding Corp.*, 75 F.2d 941 (2d Cir. 1935), Circuit Judge Learned Hand elaborated on this concept by stating:

> "It is plain that 'adequate protection' must be completely compensatory; . . . a creditor . . . wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most *indubitable equivalence*."

*Id.* at 942 (emphasis added). As stated in the legislative history to section 361, the purpose of "adequate protection" is to protect the property interests of secured creditors pursuant to the Fifth Amendment prohibition against takings without just compensation. S.Rep.No.95–989, 95th Cong., 2d Sess. 49 (1978), *reprinted in* [1978] U.S.Code Cong. & Ad.News 5787, 5835. Therefore, not only is the concept of "adequate protection" important under the statute, but it is mandated by the Fifth Amendment. *See Louisville Bank v. Radford*, 295 U.S. 555, 589, 55 S.Ct. 854, 863, 79 L.Ed. 1593 (1935) ("The bankruptcy power, like the other great substantive powers of Congress, is subject to the Fifth Amendment.").

In this case, there is an equity cushion of $7,500.00 ($23,000.00 fair market value minus $15,500.00 balance owed on mortgage debt) which protects the mortgagee's security interest in the mortgaged

---

1. Section 362(g), 11 U.S.C., allocates the burden of proof with respect to the issues presented in a request for relief from the stay:

   (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

   (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

   (2) the party opposing such relief has the burden of proof on all other issues.

property. An equity cushion is the surplus of value remaining after the amount of indebtedness is subtracted from the fair market value of the collateral. *In re Pitts,* 2 B.R. 476, 478 (Bkrtcy.C.D.Calif.1979). This equity cushion protects the interests of the creditor because resort may be had to the surplus in the event that accrued interest results in an increase on the mortgage debt. *See In re Rogers Dev. Corp.,* 2 B.R. 679, 684–85 (Bkrtcy.E.D.Va.1980); *In re Pitts, supra.* Although such an equity cushion may dissipate with time and by itself not adequately protect the interests of the mortgagee, the proposed payment of the current monthly mortgage payments, as well as the payment of the arrearages under the Chapter 13 plan, would protect against such an adverse decline in the surplus value. *See generally In re 5-Leaf Clover Corp.,* 6 B.R. 463, 466–67 (Bkrtcy.S.D.W. Va.1980). Such an arrangement constitutes the "indubitable equivalent" of the mortgagee's interest under § 361(3). Therefore, the payment of the mortgage payments outside of the plan and the payment of the arrearages under the plan, together with the existing equity cushion, "adequately protect" the mortgagee's interest.

A second reason advanced by the bankruptcy court for its holding that the mortgagee's interest is "adequately protected" is the fact that the mortgage is federally insured by the FHA under the National Housing Act, 12 U.S.C. §§ 1707 to 1715z–11. Under the regulations enacted pursuant to the Act, a mortgagee may file a claim for the payment of the insurance proceeds following the foreclosure and the transfer of the property to the FHA. Accordingly, the mortgagee will recover under the insurance benefits the unpaid principal of the original mortgage, any uncollected interest due, and two-thirds of the costs of foreclosure.[2] *See* 24 C.F.R. §§ 203.401 to 203.402 (1980).

Retirement Fund now contends that the bankruptcy court's refusal to lift the stay results in the denial of the mortgagee's right to pursue an insurance claim which can only be filed after the foreclosure of the property. This argument is without merit, however, because the mortgagee is still protected by the insurance benefits which may be sought after the eventual lifting of the stay. Retirement Fund also contends that the bankruptcy court erred because the federal mortgage insurance assertedly does not "adequately protect" the security interest of the mortgagee. This argument also must be rejected.

In the present case, the bankruptcy court held that the FHA mortgage guarantee "adequately protects" the mortgagee's interest. There appears to be a split among the bankruptcy judges in the Eastern District of Pennsylvania concerning the issue whether a federal mortgage guarantee, by itself, can constitute "adequate protection" of a mortgagee's interest. *Compare In re DiBona,* 9 B.R. 21, 23–24 (Bkrtcy.E.D.Pa. 1981) (VA guarantee of mortgage is adequate protection) *with In re Heath,* 9 B.R. 665, 668–69 (Bkrtcy.E.D.Pa.1981) (VA guarantee of mortgage is *not* adequate protection). In *In re Heath, supra,* Bankruptcy Judge William King held that federal mortgage insurance, standing alone, does not constitute "adequate protection" for the mortgagee's interest. Judge King reasoned that a crafty creditor could eliminate the lifting of the stay by making random mortgage payments sufficient to create a minimal equity cushion, thereby remaining in the property indefinitely. *Id.* at 668. Secondly, Judge King reasoned that a failure to lift the stay would deprive the secured creditor of the "benefit of their bargain for an extended period of time thereby leaving the mortgagees with unproductive loans in their portfolios." *Id.* Nevertheless, Judge King intimated that the mortgage guarantee, when coupled with other factors, may adequately protect a mortgagee's interest. *Id. See also In re Britton,* 9

---

**2.** All losses suffered by the mortgagee on account of the mortgage are protected up to a certain percentage of the mortgage debt. Although the exact percentage of coverage applicable to the present mortgage was not determined, the bankruptcy court held that the current amount of arrearages is only 10% of the mortgage debt and that the incurred costs probably will not constitute a large percentage of the total debt.

B.R. 245, 247–48 (Bkrtcy.E.D.Pa.1981); *In re Caulk*, 9 B.R. 242, 244 (Bkrtcy.E.D.Pa. 1981).

 The Court respectfully disagrees. A federal mortgage guarantee, standing alone, may constitute "adequate protection" because the federal government will reimburse the mortgagee for the outstanding unpaid mortgage principal, accrued interest, and two-thirds of the foreclosure costs. *See* 24 C.F.R. §§ 203.401 to 203.402. If the debtor consciously abstains from making the requested mortgage payments because of the assurance of the mortgage guarantee, the bankruptcy court may, after such a finding, lift the stay according to basic equitable principles, but may not initially lift the stay because such a possibility exists. *See In re San Clemente Estates*, 5 B.R. 605, 611 (Bkrtcy.S.D.Calif.1980) (court of equity must also consider individual circumstances of parties and weigh competing interests and hardships). Secondly, the argument that the mortgagee suffers from an unproductive loan is refuted by the fact that the federal mortgage guarantee provides for the payment of the unpaid interest under the insurance benefits.[3]

### III.

Obviously, a primary purpose for the debtors' filing of a bankruptcy under Chapter 13 is to prevent foreclosure in order to keep the home. It is important, therefore, that the bankruptcy court deny relief to a secured creditor in instances where the debtor has established that the creditor is "adequately protected" and there is no "cause" for lifting the stay. Thus, the Court holds that the existing equity cushion, together with the offer of the debtor to make periodic payments on the outstanding mortgage, "adequately protects" the mortgagee's interest in the mortgaged property. Secondly, the Court holds that the FHA mortgage guarantee "adequately protects" the mortgagee's interest because the mortgagee may file an insurance claim for the payment of any losses suffered as a result of the nonpayment of the mortgage. Finally, the Court holds, alternatively, that the equity cushion, together with the FHA mortgage guarantee, "adequately protect" the mortgagee's interest since the mortgagee may resort to either the sale of the home or a claim for federal insurance benefits in the event that the debtor fails to pay the mortgage. The order of the bankruptcy court is affirmed.

An appropriate order will be entered.

---

3. As noted by the bankruptcy court, this is not to say that the Government's interest as the guarantor on the mortgage is "adequately protected" and that the Government will not suffer some harm from the continuation of the stay. However, this issue was not raised, nor is it before the Court, because the Government did not request relief from the stay.