**In re Jerrold Layton COBBS, Jermain Cobbs a/k/a Darlene L. Cobbs, Debtors.**

**FIDELITY BOND & MORTGAGE COMPANY, Plaintiff,**

**v.**

**Jerrold Layton COBBS, Jermain Cobbs, a/k/a Darlene L. Cobbs, a/k/a Dariling Cobbs and Leonard Goldberger, Trustee, Defendants.**

**Bankruptcy No. 81–05134G.**
**Adv. No. 82–0694G.**

United States Bankruptcy Court,
E. D. Pennsylvania.

June 7, 1982.

Sheldon C. Jelin, Philadelphia, Pa., for plaintiff, Fidelity Bond and Mortg. Co.

Michael Donahue, Delaware County Legal Services, Chester, Pa., for defendants, Jerrold Layton Cobbs, Jermain Cobbs a/k/a Darlene L. Cobbs.

James J. O'Connell, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue presented in the instant case is whether the mortgagee is entitled to relief from the automatic stay provisions of § 362(a) of the Bankruptcy Code ("the Code") to permit it to proceed with its foreclosure action against the debtors' residence. We conclude that the mortgagee is entitled to such relief pursuant to § 362(d)(2) of the Code because we find that the debtors have no equity in their residence.

The facts of this case are as follows: [1] On December 10, 1981, Jerrold and Jermain Cobbs ("the debtors") filed a petition for

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

relief under chapter 7 of the Code. On March 23, 1982, Fidelity Bond and Mortgage Company ("the mortgagee") filed the instant complaint for relief from the stay against the debtors and the interim trustee. On the day of the hearing on that complaint, the debtors filed a praecipe to convert their case to a case under chapter 13 of the Code.

At the trial held in the adversary proceeding, the mortgagee established that it was the holder of a valid and perfected mortgage on the debtors' residence located at 2711 Bethel Road, Chester, Pennsylvania, and that the balance due on that mortgage was $22,491.25. The mortgagee further established that the last payment made by the debtors on the above mortgage was in July, 1981. In addition, the mortgagee offered the testimony of an expert real estate appraiser who stated that, in his opinion, the property in question had a fair market value of $20,000.00. In defense, the debtors offered evidence that the mortgage in question was guaranteed under a federal mortgage guarantee program. Thus, the debtors asserted that the mortgagee's interest in the property was adequately protected and it was not entitled to relief from the stay.

Section 362(d) of the Code governs relief from the stay and provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.[2]

■ Although we agree with the debtors' contention that a mortgage guarantee may provide the mortgagee with "adequate protection" pursuant to § 362(d)(1),[3] we conclude that that does not dispose of the issue of relief under that subsection. This is so because § 362(d)(1) provides for granting relief from the stay "for cause", other than lack of adequate protection, and it has been held that the failure to make current mortgage payments for a period of ten months is cause for modifying the stay.[4]

■ Although in the instant case the debtors are nine months in arrears on their mortgage payments, we find it unnecessary to rely on that factor alone to conclude that the mortgagee is entitled to relief from the stay. This is so because § 362(d)(2) provides that the stay shall be modified if the debtors lack equity in the property in question and if that property is not necessary to the debtors' effective reorganization. At the hearing held herein, the mortgagee carried its burden of establishing that the debtors lack equity in their home.[5] However, the debtors failed to offer any evidence on the issue of whether the property is necessary to their effective reorganization under chapter 13. Since § 362(g) puts the burden of proof of that issue on the debtors,[6] we must conclude that the debtors failed to carry that burden of proof.

2. 11 U.S.C. § 362(d).

3. *See, e.g., In re DiBona*, 9 B.R. 21 (Bkrtcy.E.D. Pa.1981) (VA mortgage guarantee may be "adequate protection"); *In re Roane*, 8 B.R. 997, 3 C.B.C.2d 690 (Bkrtcy.E.D.Pa.), *aff'd* 14 B.R. 542 (E.D.Pa.1981) (FHA mortgage guarantee may be "adequate protection").

4. *In re Hinkle*, 14 B.R. 202 (Bkrtcy.E.D.Pa. 1981).

5. *See* 11 U.S.C. § 362(g). The facts established at trial are that the mortgage debt is over

$22,000.00 while the property is worth only $20,000.00.

6. Section 362(g) provides:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

Based on all of the above, we conclude that the mortgagee is entitled to relief from the automatic stay provisions of § 362(a) of the Code to permit it to proceed with its foreclosure action against the debtors' residence.