In re Raymond TOTO and Helen
Toto, Debtors.

The FEDERAL LAND BANK OF BAL-
TIMORE and Southeast Production
Credit Association, Plaintiffs,

v.

Raymond TOTO and Helen
Toto, Defendants.

In re RAYMOND TOTO &
SONS, Debtors.

SOUTHEAST PRODUCTION CREDIT
ASSOCIATION, Plaintiff,

v.

RAYMOND TOTO & SONS, Defendant.

Bankruptcy Nos. 82–03236G, 82–02940G.
Adv. Nos. 82–2103G, 82–2104G.

United States Bankruptcy Court,
E.D. Pennsylvania.

May 19, 1983.

David C. Patten, Cadmus, Patten & Wer-
ner, West Chester, Pa., for plaintiffs, The
Federal Land Bank of Baltimore and
Southeast Production Credit Ass'n.

Jonathan H. Ganz, Pincus, Verlin, Hahn,
Reich & Goldstein, Samuel B. Chavenson,
Deputy Clerk-Estate Admin., U.S. Bank-
ruptcy Court, Philadelphia, Pa., for defend-
ants, Raymond Toto and Helen Toto and
Raymond Toto & Sons.

## OPINION

EMIL F. GOLDHABER, Bankruptcy
Judge:

The issues in these adversary proceed-
ings, which were consolidated for trial, are
whether the mortgagees are entitled to re-
lief from the automatic stay imposed by
section 362(a) of the Bankruptcy Code ("the
Code"). We conclude that the mortgagees
are entitled to such relief because we find
that the respective debtors have no equity
in the properties in question and because
the mortgagees' interests in the subject
properties are not otherwise adequately
protected.

The facts of the instant cases are as
follows: [1] Two parcels of real estate located
in New Garden Township, Chester County,
Pennsylvania, are the subject of this litiga-
tion. The first parcel, owned by Raymond
and Helen Toto ("the debtors"), is a seven
and one-half acre mushroom farm ("the
home tract") and the second parcel, owned
by Raymond Toto & Sons ("the partnership-
debtor") is a two and one-half acre mush-
room farm ("the second tract"). On Octo-

1. This opinion constitutes the findings of fact
and conclusions of law required by Rule 752 of
the Rules of Bankruptcy Procedure.

ber 23, 1980, the debtors borrowed $165,-000.00 from The Federal Land Bank of Baltimore ("FLBB") and, in return, the debtors executed and delivered to FLBB a first mortgage on the home tract. On December 18, 1980, the debtors, along with the partnership-debtor, borrowed $22,750.00 from Southeast Production Credit Association ("SEPCA") and, on July 31, 1981, the debtors and the partnership-debtor borrowed an additional $80,000.00 from SEPCA. As security for the aforesaid loans, the debtors executed and delivered two mortgages on the home tract to SEPCA and the partnership-debtor executed and delivered two mortgages on the second tract to SEPCA.

On June 24, 1982, the partnership-debtor filed a petition for relief under chapter 11 of the Code and, on July 9, 1982, the debtors filed a similar petition. On August 27, 1982, FLBB and SEPCA filed a complaint for modification of the automatic stay under section 362(d) of the Code in order to foreclose on the property owned by the debtors. On that same day, SEPCA filed a separate complaint for modification of the stay in order to foreclose on the property owned by the partnership-debtor. Both complaints were consolidated for trial.

Section 362(d) provides the conditions to be met in order for a party in interest to be entitled to relief from the automatic stay provisions of that section:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>> (2) with respect to a stay of an act against property, if—
>> (A) the debtor does not have an equity in such property; and
>> (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

Section 362(g) allocates the burden of proof in a complaint for relief from the stay and provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

At the trial of the instant complaint, the mortgagees' appraiser testified that the home tract property has a fair market value of $239,900.00 and that the fair market value of the second tract was $98,000.00 (N.T. 9/21/82 at 9). The debtors and the debtor-partnership offered no counter-appraisal and, aside from cross-examining the mortgagees' appraiser, made no challenge to the mortgagees' valuation of the respective properties. Moreover, the debtors and the debtor-partnership stipulated to the qualifications of the mortgagees' appraiser (N.T. 9/21/82 at 4). Accordingly, we adopt the mortgagees' appraisals as the fair market values of the two properties.

■ In determining whether there is equity in the properties in question, we note that all encumbrances against the subject properties are to be considered when determining whether an equity cushion exists in those properties. *In re McCall,* 25 B.R. 199 (Bkrtcy.E.D.Pa.1982); *In re Kaufman,* 24 B.R. 498 (Bkrtcy.E.D.Pa.1982); *In re Mikole Developers, Inc.,* 14 B.R. 524 (Bkrtcy.E.D. Pa.1981). In addition, the costs of foreclosure and sale, including brokerage, escrow and title costs, are also taken into consideration when determining whether there is any equity in the encumbered properties. *In re Pitts,* 2 B.R. 476 (Bkrtcy.C.D.Cal. 1979).

As to the home tract property, we conclude that the debtors have no equity therein. It has been stipulated that the home tract property is encumbered by FLBB's first mortgage in the amount of $171,475.50 and SEPCA's second and third mortgages

totalling $112,235.00. In addition, there is a tax lien against the aforesaid property in the amount of $4,120.48.[2] Furthermore, the mortgage between the debtors and FLBB provides for an attorney's collection fee of ten percent in the event of default which, in this case, amounts to $17,147.55.[3] Consequently, a consideration of the aforementioned encumbrances establishes that the debtors have no equity whatsoever in the home tract property.[4]

As to the second tract, we likewise conclude that the debtor-partnership has no equity therein. It has been stipulated that the second tract is encumbered by a first mortgage ("the Mattioni mortgage") in the amount of $80,000.00 and by SEPCA's second and third mortgages totalling $112,-235.00. Moreover, there is a federal tax lien of $6,324.22 [5] and a county tax lien of $2,049.91 [6] against the property in question. In addition, the mortgages executed between the debtors and the debtor-partnership and SEPCA provide for an attorney's collection fee of fifteen percent which, in the present case, amounts to $16,835.25.[7] Furthermore, we conclude that the $65,-078.53 unsatisfied against the home tract

property [8] should be carried over and included in the equity computation for the second tract. See *In re Kaufman*, 24 B.R. 498, 500 (Bkrtcy.E.D.Pa.1982). Consequently, calculation of the aforesaid encumbrances establishes that the debtor-partnership has no equity in the second tract.[9]

■ The present record establishes that ample "cause" [10] exists to justify modification of the stay. First, the mortgagees, as heretofore demonstrated, have established that the debtors and the debtor-partnership do not have any equity in the respective properties.[11] Second, it has been stipulated that the debtors have failed to make the February 1, 1982, May 1, 1982 and August 1, 1982 quarterly installment payments on the FLBB mortgage; and interest on the $171,475.50 mortgage obligation to FLBB accrues at the rate of $63.32 per diem. Third, it has been stipulated that debtors and the debtor-partnership have made only two payments totalling $1,500.00 on the $22,750.00 SEPCA loan and have not made a quarterly payment on said loan since September 25, 1981. And, it was also stipulated that the debtors and the debtor-partnership have not paid off the $80,000.00 SEP-

2. *See* Exh. 3.

3. *See* Exh. 4 at ¶ 15.

4. 

| $239,900.00 | (fair market value of the home tract property) |
|---|---|
| –171,475.50 | (FLBB first mortgage) |
| –112,235.00 | (SEPCA second and third mortgages) |
| – 17,147.55 | (attorney's collection fee of 15% on SEPCA mortgages) |
| – 4,120.48 | (real estate tax lien) |
| –$65,078.53 | |

5. *See* Exh. 6.

6. *See* Exh. 5.

7. *See* Exh. 6 and 7 at ¶ 14; Exh. 7 and 8 at ¶ 14.

8. *See* n. 4 *supra*.

9. 

| $ 98,000.00 | (fair market value of second tract) |
|---|---|
| 68,000.00 | (fair market value of machinery and equipment of the debtor–partnership in which SEPCA has a perfected security interest) |
| $166,000.00 | (combined fair market value of the debtor-partnership's assets) |

| – 80,000.00 | (Mattioni first mortgage) |
|---|---|
| – 65,078.53 | (carry over lien from home tract property, n. 4 *supra*.) |
| – 16,835.25 | (attorney's collection fee of 15% on SEPCA mortgages) |
| – 6,324.22 | (Federal tax lien) |
| – 2,049.91 | (real estate tax lien) |
| $ – 4,287.91 | |

10. *See* § 362(d)(1) of the Code cited in the text *supra*. While "adequate protection" is not defined in the Bankruptcy Code, the legislative history of § 361 reflects the intent of Congress to give the courts the flexibility to fashion the relief in light of the facts of each case and general equitable principles. *See* H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 339 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787.

11. *Compare In re Cooper*, 22 B.R. 718 (Bkrtcy. E.D.Pa.1982) (an equity cushion may serve as adequate protection of a mortgagee's interest in encumbered property). We note that equity is not only relevant to subsection (d)(2) of § 362, it is also relevant to subsection (d)(1) on the issue of adequate protection. *See In re DiBona*, 9 B.R. 21 (Bkrtcy.E.D.Pa.1981).

CA loan, which was to be paid (with accrued interest thereon) by June 25, 1982.[12] We conclude, therefore, that the mortgagees are entitled to relief from the automatic stay pursuant to section 362(d)(1) of the Code.[13]

---

**12.** It has been held that the failure to make current mortgage payments for a period of ten months is cause for modifying the stay. *See In re Hinkle,* 14 B.R. 202 (Bkrtcy.E.D.Pa.1981).

**13.** Section 362(d) permits modification of the automatic stay upon alternative grounds. Relief may be granted under § 362(d)(1) upon a

finding that a debtor's interest in property is not adequately protected or under § 362(d)(2) upon a finding that the debtor has no equity in the property and that that property is not necessary to an effective reorganization. *See In re Schramm,* 12 B.R. 608 (Bkrtcy.E.D.Pa.1981); *In re Heath,* 9 B.R. 665 (Bkrtcy.E.D.Pa.1981).