In re Edward BRITTON and Gail Britton, Debtors.

**FIDELITY BOND AND MORTGAGE COMPANY, Plaintiff,**

v.

**Edward BRITTON and Gail Britton, Defendants.**

**Bankruptcy No. 80–02427K. Adv. No. 80–0705K.**

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 20, 1981.

John Swartz and Alan H. Gilbert, Philadelphia, Pa., for plaintiff.

Thomas J. Turner, III, Philadelphia, Pa., for debtor/defendants.

Margaret Graham, Philadelphia, Pa., standing trustee.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Fidelity Bond and Mortgage Company ("Fidelity") has commenced an adversary proceeding to vacate the automatic stay imposed by Bankruptcy Code § 362 in order to permit it to proceed to Sheriff's sale.

The debtors request that the stay be continued contending that Fidelity is adequately protected because the mortgage in question is federally insured.

After a final hearing, pursuant to Bankruptcy Code § 362(e), the court makes the following Findings of Fact and Conclusions of Law:

### FINDINGS OF FACT

1. Plaintiff, Fidelity, is mortgagee of a mortgage given and executed by the above named debtors/defendants dated August 14, 1978, secured on Premises 31 Elm Lane, Levittown, Bucks County, Pennsylvania, recorded in Bucks County in Mortgage Book Vol. 2176 Page 766 &c.

2. Debtors, Edward Britton and Gail Britton, his wife, reside at 31 Elm Lane, Levittown, Pennsylvania.

3. The aforesaid mortgage is in default in that the debtors have failed to make payments of monthly installments of principal and interest for the months of November 1979 through November of 1980.

4. The mortgage in question is a guaranteed Federal Housing Administration ("FHA") loan.

5. On July 11, 1980, plaintiff filed a Complaint in Mortgage Foreclosure in state court.

6. Judgment for Fidelity was entered on said Complaint in Mortgage Foreclosure on September 12, 1980, and a Writ was issued for Sheriff's sale.

7. On September 26, 1980, debtors filed the instant Chapter 13 petition staying the Sheriff's sale.

## DISCUSSION

A request for relief from the automatic stay is governed by Bankruptcy Code § 362(d), 11 U.S.C. § 362(d), which states:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Fidelity alleges two (2) grounds for relief from the automatic stay: (1) lack of adequate protection of their interest in the property, and, alternatively; (2) that the defendant-debtors do not have an equity in the property and the property is not necessary to an effective reorganization.

The plaintiff need establish only one of these alternatives, found in § 362(d)(1), to support its claim for relief. *See In re Ruark*, 7 B.R. 46 (D.Conn.1980).

■ Fidelity, as the party requesting relief, has the burden of proof on the issue of the debtors' equity, or lack of equity, in the subject property. *See* § 362(g)(2). No evidence regarding equity was presented at trial. Accordingly, the plaintiff has failed to meet its burden of proof as to lack of equity and relief from the automatic stay under § 362(d)(2) may not be granted. It is to the questions of "adequate protection" and "cause" under § 362(d)(1) that plaintiff and defendants have directed their attention and which this Court now considers.

■ The term "adequate protection" is not defined in the Code. However, § 361 sets forth three (3) non-exclusive examples of what may constitute "adequate protection" if secured property is to be used by a debtor, i. e., (1) periodic cash payments equivalent to decrease in value, (2) an additional or replacement lien on other property, or (3) other relief that provides the indubitable equivalent. The debtors argue that the mortgage is federally insured thus, adequately protecting the mortgagee.

This court has recently concluded that a federally guaranteed mortgage does not, of itself, constitute adequate protection. *In re Heath*, 9 B.R. 665 (Bkrtcy.E.D.Pa., 1981).

■ The argument has been advanced that adequate protection has been provided because the property is worth more today than when purchased, the salary of debtors has increased, and the mortgage is insured. We are unable to agree.

This concept of adequate protection was first discussed in *In re Murel Holding Corporation*, 75 F.2d 941 (2nd Cir. 1935) where Judge Learned Hand stated:

It is plain that 'adequate protection' must be completely compensatory; ... a creditor ... wishes to get his money or at least the property. We see no reason to suppose that the statute was intended to deprive him of that in the interest of junior holders unless by a substitute of the most *indubitable equivalence*." (Emphasis added.) Id., at p. 942.

In this case, the debtors, as the parties opposing relief from the stay, are required by § 362(g)(1)[1] to support the burden of proof as to adequate protection and all other issues, except the debtors' equity in the property.

■ In their answer, debtors have alleged a substantial equity in the property.

---

1. Section 362(g)(1) states as follows:

(g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—

(1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and

(2) the party opposing such relief has the burden of proof on all other issues.

However, after the creditor failed to sustain his burden of proof regarding lack of equity, but rather made a prima facie case of "cause" for modifying the stay, the burden of going forward with proof of adequate protection then was upon the debtors. Debtors failed to sustain their burden, presenting only the debtors' testimony that the house was purchased in 1978 for $38,-700.00 and has been recently appraised for $45,000.00. Evidence as to the total secured debt on that property has not been presented, thus, no determination as to a possible equity cushion may be made on the present record.

 The debtors testified that they made a mortgage payment in November of 1980, their first payment in exactly one (1) year. We do not believe that a single isolated payment in the last year, nor the other factors raised by debtors are "completely compensatory" in the instant case.

 It must also be remembered that a bankruptcy court is a court of equity. When the debtors have failed to make any payments to the mortgagee for one (1) full year, the bankruptcy court must consider "the impact of the stay on the parties and the 'balance of hurt' in fashioning relief." *In re Epps*, 2 B.R. 737, 6 B.C.D. 379 (Bkrtcy. S.D.N.Y.1980); *In re San Clemente Estates*, 5 B.R. 605, 6 B.C.D. 838 (Bkrtcy.S.D.Cal. 1980). The evidence or the lack thereof, leads this court to conclude that continuance of the automatic stay will hurt the mortgagee to a greater extent, than vacation of the stay will impair the rights of the debtors. Section 362(g)(2) clearly places the burden of proving otherwise on the debtors and they have failed to meet this burden.

Accordingly, in the absence of proof that the interests of the secured creditor are "adequately protected," the request for relief from the stay will be granted.

### CONCLUSIONS OF LAW

1. The plaintiff, Fidelity Bond and Mortgage Company, has sustained its burden of establishing "cause" for the lifting of the stay as required under Code § 362(d)(1), 11 U.S.C. § 362(d)(1).

2. The debtors have not sustained their burden of proving that they have furnished Fidelity with adequate protection for its interest in the mortgaged property.

3. Fidelity is entitled to an order modifying the automatic stay and to the relief requested in the Complaint.