In re Ronald Albert GARDNER and
Barbara A. Gardner, h/w, Debtors.

COMMONWEALTH of Pennsylvania,
STATE EMPLOYEES' RETIRE-
MENT FUND, Plaintiff,

v.

Ronald Albert GARDNER and Barbara
A. Gardner, h/w and Margaret
Graham, Trustee, Defendants.

Bankruptcy No. 80–02013K.
Adv. No. 81–0506K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Oct. 5, 1981.

Irvin B. Fineman, Alan H. Gilbert, Phila-
delphia, Pa., for plaintiff.

James J. O'Connell, Philadelphia, Pa.,
standing trustee.

Carole L. McHugh, Philadelphia, Pa., for
debtors/defendants.

OPINION

WILLIAM A. KING, Jr., Bankruptcy
Judge.

This case comes before the Court on a
complaint for relief from the automatic
stay imposed by § 362 of the Bankruptcy
Code. Plaintiff, Commonwealth of Penn-
sylvania State Employes' Retirement Fund
seeks relief in order to proceed with foreclo-
sure of the first mortgage. The Court will
enter an order granting relief under
§ 362(d)(1) of the Code because the debtors'
retain no equity and the property is not
necessary to an effective reorganization.[1]

Debtors are the owners of property
known as 2928 Hale Street, Philadelphia.
Plaintiffs hold the first mortgage on this
property. A petition for relief in bankrupt-
cy was filed in June of 1980 but dismissed
in July of 1980. A second petition was filed
on August 29, 1980. Foreclosure proceed-

---

1. This Opinion constitutes findings of fact and
conclusions of law pursuant to Bankruptcy
Rule 752.

ings were instituted in state court about four (4) months after the filing of the second petition for relief. The complaint for relief from the stay was filed on May 13, 1981. Section 362(d) of the Bankruptcy Code provides alternate grounds for relief; lack of equity [2] and lack of adequate protection.[3] Both grounds were alleged in the complaint.

The § 362(d)(2) argument will be addressed first. The debtors introduced testimony from a qualified appraiser showing the value of the premises to be $29,000.00. This testimony was not contested by the plaintiff, who offered no evidence of value. The total figure of secured claims to establish equity is disputed.

█ The balance of the first mortgage is $21,183.02. Interest and costs are disputed. The debtors object to the inclusion of the cost of the foreclosure proceedings brought in state court after the petition was filed. This proceeding was brought in violation of the automatic stay and the costs are not recoverable. Therefore, the sum of $953.70 must be disallowed. The remaining figure of $3,148.77 is recoverable. The total balance and interest due is $24,331.79.

There is a second lien on the property held by Ritter Finance Company in the amount of $4,900.00. When this figure is added to the first mortgage, the total is $29,231.79. The property has a value of $29,000.00. Therefore, the debtors retain no equity in the property.

█ Furthermore, this property is not necessary for an effective reorganization. According to testimony of the debtors at trial, payments totalling $416.00 per month would have to be made to cure arrearages and meet current payments on the mortgage. The debtor has testified that lodgings in an apartment could be obtained for between $300 and $350 per month. The availability of cheaper housing precludes this property from being necessary for Chapter 13 reorganization.

Relief under § 362(d) of the Bankruptcy Code may be granted in the alternative. Although the debtors presented a case on the issue of adequate protection[4], it is immaterial because grounds for relief have been shown under § 362(d)(2).

█ In litigation under § 362(d), the party seeking relief bears the burden of proof on the issue of the debtor's equity in the property. 11 U.S.C. § 362(g); *In re Britton*, 9 B.R. 245 (Bkrtcy., E.D.Pa.1980). Although the plaintiff did not introduce evidence of value, the debtors' appraiser established an uncontroverted value for the property. The plaintiff's only witness testified as to the amount due on the first mortgage and the debtors admitted the amount of the second lien on cross-examination. Lack of equity has, therefore, been proven.

█ Counsel for the debtors contends that the second lien is not relevant in calculating equity as to the first mortgagee. Although this might be true if the issue were adequate protection of the first mortgagee, the *debtors' equity* in the property is the crucial figure. All encumbrances are totalled to determine equity whether or not all the lienholders have requested relief from the stay. *In re Dallasta*, 7 B.R. 883 (Bkrtcy., E.D.Pa.1980).

An order will be entered granting relief under § 362(d)(2).

---

**2.**  11 U.S.C. § 362(d)(2).

**3.**  11 U.S.C. § 362(d)(1).

**4.**  11 U.S.C. § 362(d)(1).