In the Matter of **F & M ENTERPRISES OF MANATEE COUNTY, INC., Debtor.**

**FIRST CITY FEDERAL SAVINGS & LOAN ASSOCIATION, Plaintiff,**

v.

**F & M ENTERPRISES OF MANATEE COUNTY, INC., Defendant.**

**Bankruptcy No. 81–2183.
Adv. No. 82–1052.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 22, 1983.

Robert E. Messick, Sarasota, Fla., for plaintiff.

Domenic L. Massari, III, Tampa, Fla., for defendant.

ORDER ON COMPLAINT FOR RELIEF FROM THE AUTOMATIC STAY, FOR ADEQUATE PROTECTION AND FOR ABANDONMENT OF PROPERTY FROM ESTATE

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS IS a Chapter 11 case and the matter under consideration is a proceeding arising in or under Title 11 U.S.C. The jurisdiction of this Court is based on Emergency Local Rule (c)(1).

This is an adversary proceeding and the matter under consideration is a Complaint for Relief from Automatic Stay, for Adequate Protection and for Abandonment of Property from the Estate filed by First City Federal Savings and Loan Association (First City), a secured creditor of F & M Enterprises of Manatee County, Inc., the Chapter 11 Debtor.

First City prays for relief from the automatic stay to pursue a foreclosure action in state court, alleging that the Debtor has no equity in the real property involved and that the property is not necessary to effective reorganization. First City also seeks adequate protection for its interest in the property alleging depreciation and waste due to the use of the collateral as short term residential rental property. Finally, First City asks that the Debtor be required to account for and segregate all rental income derived from this rental property. A preliminary hearing was conducted and on February 8, 1983 the Court ordered the Debtor to provide First City with adequate protection in the amount of $688.80 per month, the monthly amount due on the mortgage.

The record as developed at the final evidentiary hearing reveals the following facts which are relevant to the resolution of this controversy:

The Debtor is the record owner of a four-plex residential unit located at 1325 Second Avenue West, Bradenton, Florida. The building is in excess of thirty years old and the units are generally rented on a month to month basis, although a week to week tenancy is frequently arranged. The property, at full occupancy, generates a net income of approximately $700 to $800 per month, an amount insufficient to meet the monthly debt service.

There are three mortgages on the property, all of which are at least fifteen months in arrears. First City holds the first mortgage in the principal amount of $51,967.87 in addition to accrued interest in the amount of $10,992.42 and costs and attorneys fees in an undetermined amount. A second mortgage in the approximate principal amount of $33,500 plus accrued interest and attorneys fees is held by Joseph L.

Tabinski and Ida W. Tabinski, previous owners of the real property. Finally, there exists a third mortgage in favor of Government Employees Corporation in the principal amount of $17,000 plus accrued interest and attorney fees. While the Debtor contends that the second mortgage is subject to defeat as the result of a pending lawsuit in another forum, the court is of the opinion that the Debtor's belief and reliance on the ability to defeat the second mortgage is speculative and, therefore, not material to this determination.

Upon filing a petition pursuant to Chapter 11 of the Bankruptcy Code on November 10, 1981, the Debtor valued the subject property at $98,000 (Scheduled B–1) and at the final evidentiary hearing, the President of the Debtor, Jack T. Foster, valued the same at $100,000. First City's appraiser assigned a current market value to the property in the amount of $65,000.

■ First City seeks relief from the automatic stay pursuant to § 362(d)(1), i.e. "for cause, including lack of adequate protection" and § 362(d)(2) i.e. "the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization." While it is recognized that the existence and effect of junior mortgages should not be considered when determining whether a secured creditor seeking relief from the stay is adequately protected by an equity cushion, *La Jolla Mortgage Fund v. Rancho El Cajon Associates,* 18 B.R. 283, 8 B.C.D. 1035 (Bkrtcy.S.D. Cal.1982), the total amount of encumbrances on the collateral is vitally important when determining the Debtor's equity in the property and the Debtor's need for the collateral in effecting a successful reorganization pursuant to the requirements set forth in § 362(d)(2). *In re Gardner,* 14 B.R. 455 (Bkrtcy.E.D.Pa.1981). *See, Certified Mortgage Corp. v. Tampa Federal Savings & Loan Assoc.,* No. 81–1073–Civ–T–GC (M.D.Fla. decided February 18, 1983).

■ It is evident, in this case, that the Debtor has no equity in the four-plex, even assuming but not admitting that the current market value of the property is $100,-000 as urged by the Debtor. The encumbrances total at least $113,000, not including costs and attorney fees and the maximum net monthly income from the property is barely adequate to service even the first mortgage.

The Debtor contends that a sale of the subject property will generate proceeds in the amount of $120,000 and allow the Debtor to pay the lienholders. In this respect, the Debtor claims that the property is necessary to effective reorganization. The Chapter 11 case, however, has been pending for 15 months. The subject property is only one of several income producing units and the Debtor has had ample time to sell this property. The Court is of the opinion that the Debtor has no equity and this particular property is not necessary to an effective reorganization.

This Order is entered in a proceeding arising in or under Title 11 U.S.C. and is deemed to be a dispositive order whether or not cast in the form of a final judgment and shall be operative and effective immediately upon entry by the Clerk of the Bankruptcy Court pursuant to Emergency Local Rule (d)(2) unless stayed by the Bankruptcy Judge or by a District Judge.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that a final judgment be, and the same hereby is, entered in favor of the Plaintiff, First City Federal Savings and Loan Association and against the Debtor, F & M Enterprises of Manatee County, Inc. and the automatic stay imposed by § 362 of the Bankruptcy Code is hereby lifted and the Plaintiff is entitled to proceed with a foreclosure proceeding in a court of competent jurisdiction.