In re Gilbert A. RHOADES, Sr. d/b/a Rhoades Enterprises and Blanche E. Rhoades, Debtors.

John BOURGEOIS and Marjoire Bourgeois, Plaintiffs,

v.

Gilbert A. RHOADES, Sr. d/b/a Rhoades Enterprises and Blanche E. Rhoades, Defendants.

Bankruptcy No. 82–124.
Adv. No. 83–0051.

United States Bankruptcy Court,
D. Vermont.

Jan. 13, 1984.

See also, 34 B.R. 168.

Edward Fitzpatrick, Essex Junction, Vt., for debtors.

Neil Wheelwright, Burlington, Vt., for plaintiffs.

## MEMORANDUM AND ORDER

CHARLES J. MARRO, Bankruptcy Judge.

On June 7, 1982, the debtors filed a petition for relief under chapter 13 of the Bankruptcy Code (Code). On April 29, 1983, the plaintiffs, who did not file a proof of claim in this proceeding, filed a complaint for relief from the automatic stay of Code section 362(a) or in the alternative for adequate protection under Code section 361. A final hearing on the complaint, after notice, was held on November 29, 1983. From the records in the case and the testimony adduced at the hearings, the following facts have been established:

### FACTS

The debtors operate an auto salvage yard on roughly 5 acres of land in Milton, Vermont. The debtors bought about 1.4 acres of this 5 acre parcel from the plaintiffs in 1981 for $11,500, paying $500 down and giving the plaintiffs a note for $11,000. The promissory note provides that interest shall be payable at 13% per annum on the mortgage debt, comprising the outstanding balance of principal and interest. As of the date of the hearing, the mortgage debt was $14,321 consisting $10,900 in principal and $3,421 in interest. The annual interest on the outstanding mortgage debt balance is $1,862.

On their chapter 13 statement, the debtors list ownership of real property as follows:

| Description & location of property | Present market value | Amt. of mortgage or other security interest on this property | Name of mortgagee or other secured creditor | Value claimed exempt, if any | Owned solely by husband or wife, or jointly |
|---|---|---|---|---|---|
| House and Lot Shirley Ave. Milton, Vt. (end of Shirley Ave.) | $45,000. | 16,625.56 | Franklin Bank Milton, Vt. <br><br> 2nd Mortgage Agway Inc. Milton, Vt. (694.99) | 30,000. | Jointly |
| Lot, 15 acres Shirley Ave. Milton, Vt. | | 8,100. | Everett and Irene Giffin | | Jointly |

| Description & location of property | Present market value | Amt. of mortgage or other security interest on this property | Name of mortgagee or other secured creditor | Value claimed exempt, if any | Owned solely by husband or wife, or jointly |
|---|---|---|---|---|---|
| Lot 1.4 Acres Shirley Ave. Milton, Vt. | 45,000. total for both adjoining parcels | 10,900 | John Bourgeois | | Jointly |
| Total | $90,000.00 | | | | |

The debtors would be unable to perform under their chapter 13 plan if they were to lose possession of the 1.4 acre parcel. This parcel is an integral part of the auto salvage yard. On it is located the building in which the debtors store auto safety glass and other salvaged auto parts.

If their chapter 13 plan is confirmed, the debtors intend to treat the plaintiffs as unsecured creditors for the purpose of distribution under the confirmed plan. As such, the plaintiffs would receive approximately $700 annually towards the satisfaction of the mortgage debt. The difference between payments under the plan and interest accruing on the mortgage debt will produce an outstanding debt balance exceeding $21,920 at the end of the debtors' 5-year plan.

There is an undetermined amount of tax arrearages on the property.

The debtors have made no payment on the debt since September 1981, at which time a small payment was made and credited against the payment due in July 1981.

## DISCUSSION

The concept of relief, under Code section 362(d), from the automatic stay of Code section 362(a) is intertwined with the concept of adequate protection under Code section 361. Code section 362(d) provides:

On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay or an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Code section 362(d)(1) is a mechanism through which the secured creditor whose interest in property is not adequately protected may cut the property loose from the automatic stay in order that he might realize the benefit of his bargain with the debtor. Secured creditors should not be deprived of the benefit of their bargain. Senate Report No. 95–989, 95th Cong., 2d Sess. 53 (1978), U.S.Code Cong. & Admin.News, p. 5787. The general test when adequate protection is required is that the bankruptcy court must grant such relief as will result in the realization by the secured creditor of the "indubitable equivalent" of his interest in the property, which means that (1) to retain the stay the debtor must provide that the secured creditor will be sure of being paid, and that (2) the payments to the secured creditor must be as good as are provided for by the agreement between the creditor and the debtor. *In re Paradise Boat Leasing Corp.*, 2 B.R. 482, 1 C.B.C.2d 413, 415–416, 5 B.C.D. 1122 (Bkrtcy.D.V.I.1979).

The concept of adequate protection is compensatory in nature. *In re Murel Holding Corp.*, 75 F.2d 941 (2d Cir.1935). Its purpose is to protect the constitutionally guaranteed property interests of secured creditors. Section 361 dealing with adequate protection is also based on policy grounds. See legislative history, H.R.Rep. No. 95–595, 95th Cong. 1st Sess. (1977) page 339. 2 Collier (15th Ed.) § 361.01, at 361–5.

In a chapter 13 case, it has been held that if the debtor offers to maintain regular mortgage payments and cure arrearages, the holder of a mortgage on a debtor's residence is adequately protected by either an equity cushion or by comprehensive federal insurance, and if neither form of protection standing alone suffices, both factors combined constitute adequate protection: *In Re Roane* (U.S.District Court—E.D.Pa.1981) 14 B.R. 542, 5 C.B.C.2d 1173. However, it must also be recognized that as a court of equity the bankruptcy court will be required to consider the impact of the stay on the parties and to consider the "balance of hurt" in fashioning relief. And the ultimate meaning of "adequate protection" will be developed on a case by case basis in each instance with the relief tailored to the fact situation. 2 Collier 15th Ed. pages 361–12 and 361–13 § 361.01[4].

█ In the instant case the debtors have been in default under the mortgage to the secured parties for several years and the accrued interest of $3,421.00 already amounts to almost one third of the principal. The total mortgage indebtedness is now $14,442.50 as against a total price of $11,500.00 in 1981 for the property securing the mortgage. The annual interest on principal and accrued interest amounts to $1,877.53 against which the debtors propose in their plan to pay only $700.00 per annum. The arrearages which will accrue will bring the debt to over $21,920.00 by the end of the plan with this total amounting to over 190% of the 1981 purchase price of the land. It is clear that in view of the foregoing, the plaintiffs as secured parties are not, pursuant to the debtors' plan, receiving the indubitable equivalent of their interest in the secured property. See, *In the Matter of Anchorage Boat Sales, Inc.* (Bkrtcy.E.D.N.Y.1980), 4 B.R. 635, 2 C.B. C.2d 348.

The court recognizes that section 361 of the Code was enacted to provide the means by which conflicting rights in the debtors property might be protected and to avoid situations where giving a secured creditor an absolute right to its possessory interest might be seriously detrimental to the rehabilitation of the debtor. *Matter of Aurora*

*Cord & Cable Co., Inc.,* 2 B.R. 342, 1 C.B.C.2d 486, 5 B.C.D. 1310 (Bkrtcy.N.D. Ill.1980). However, to deprive a secured creditor of the right to proceed with a foreclosure, in the face of a foreseeable possibility that the present value of the creditor's interest in the property may become unrealizable, is to expose the secured creditor to risks which were not part of his bargain. *In re Pitts,* 2 B.R. 476, 1 C.B. C.2d 241, 5 B.C.D. 1129 (Bkrtcy.C.D.Cal. 1979). It has also been held that in bankruptcy law adequate protection generally is meant to preserve the creditor's position at the time of bankruptcy. *In re Nixon Machinery Company* (Bkrtcy.Court Tenn. 1981) 9 B.R. 316.

The facts in this case sustain the plaintiffs' position that the debtors have failed to provide for them the adequate protection to which they are entitled. Relief from the automatic stay may be granted for cause, including the lack of adequate protection of an interest in property of a party in interest. § 362(d) of the Code. Although the plaintiffs have not filed a claim as secured parties their lien survives. This has been conceded by the debtors. As lienholders the plaintiffs are parties in interest entitled to invoke the remedy of relief from stay under 362(d). *In re Honaker* (Bkrtcy. Court E.D.Michigan–1980) 4 B.R. 415, 417, 2 C.B.C.2d 208, 211; *In re Weathers* (Bkrtcy.Court, D.Kansas–1981), 15 B.R. 945, 951, 5 C.B.C.2d 935, 941.

Code section 362(g) provides:
In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section—
(1) the party requesting such relief has the burden of proof of the issue of the debtor's equity in property; and
(2) the party opposing such relief has the burden of proof on all other issues.
Under this section the debtors have the burden of proof with respect to adequate protection when relief is sought under section 362(d)(1). Thus it is the burden of the debtors to establish the existence of adequate protection. The debtors argue that the land is probably appreciating in value,

but the debtors have not established by how much or how fast, or even what the fair market value of the land is today. Thus the debtor has not established that the plaintiffs have an equity cushion or value cushion which in itself would provide adequate protection. *See, In re Jamaica House, Inc.*, 31 B.R. 192 (Bkrtcy.D.Vt. 1983). The bare assertion that the future value of the land at plan's end will probably be sufficient to satisfy the mortgage debt is entitled to little credence: the debtors have established no basis to explain why this might be so; indeed, no speculative explanation would be satisfactory. Nor is the court inclined to speculate as to the value, 5 years hence, of this land.

The debtors were given an opportunity at the hearing to introduce testimony which would tend to establish adequate protection but they failed to do so. Therefore, they have not sustained their burden of proof. The schedules show that the debtors own real estate in Milton, Vermont other than that subject to the plaintiffs' mortgage with a valuation of $45,000.00 subject to mortgages of $16,625.56 and $694.99. This indicates an equity of about $27,000.00 which they have claimed as part of their homestead exemption of $30,000.00. Had they desired they could have used this equity as an additional mortgage lien in favor of the plaintiffs to afford them adequate protection. For some reason they chose not to follow this course. It is the court's obligation to determine whether the interest of a secured creditor or co-owner of property with the debtor is adequately protected. § 361 specifies the means by which adequate protection may be provided. However, it does not require the court to provide it. To do so would place the court in an administrative role. Instead, the trustee or the debtor in possession must provide or propose a protection method. If the party that is affected by the proposed action objects, the court will determine whether the protection provided is adequate. The purpose of this section is to illustrate means by which it may be provided and to define the contours of the concept. See legislative history, H.R.Rep. No. 95-595, 95th Cong., 1st Sess. (1977) at page 338.

Although the means for affording adequate protection seemingly were available the debtors have failed to provide it. Therefore, the court concludes that where, as here, the debt to the secured creditors will increase significantly during the pendency of the proceeding and the life of the plan, and where, as here, there was no showing that the collateral held by the secured creditor currently exceeds or at the end of the plan will exceed the amount of the secured debt, the secured creditor is not afforded the indubitable equivalent of his security interest, and relief is warranted. *In re Britton* (Bkrtcy.E.D.Pa.1981) 9 B.R. 245.

### ORDER

Upon the foregoing,

IT IS ORDERED:

1. The motion of the debtors to dismiss the complaint of the plaintiffs is DISMISSED.

2. The automatic stay as to any act to enforce the mortgage lien of the plaintiffs against property of the debtors prescribed by § 362 of the Bankruptcy Code is TERMINATED.